Argued June 6, affirmed July 15, 1963

NOLT ET UX *v.* PALUMBO ET UX

383 P. 2d 1015

*Wilber Henderson,* Portland, argued the cause and filed a brief for appellants.

*Richard T. Clarke,* Portland, argued the cause for the respondents. On the brief were McGill & Clarke, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

SLOAN, J.

Plaintiffs brought this suit seeking to rescind the purchase from defendants of residential building lots

in Portland. The deed to the lots from defendants to plaintiffs contained a restriction that a house could not be built on the lots that cost less than $25,000. Not long after the purchase plaintiffs discovered that much of the fill soil on the lots was saturated with oil. The plaintiffs advised defendants of the difficulty and requested their money back. Negotiations between the parties were not successful and plaintiffs brought this action. The complaint alleged that defendants knew of the condition and fraudulently failed to inform plaintiffs before the purchase. It was also alleged that the oil in the soil precluded the building of footings and a basement without excessive cost. The trial court allowed the rescission. Defendants appeal.

The sole question presented to the court was stated by the parties to be: Was the property "fit for residential purposes?" The trial court found:

> "Now, after reviewing the evidence, much of which was not challenged and sometimes undisputed, the Court is of the opinion that the lots in the condition they were in when the sale was consummated were substantially unfit and unsuitable for the particular purpose for which it was purchased and that it would have submitted the plaintiffs to considerable additional expense that was not contemplated and consequently actual loss if they had proceeded with the construction of a residential building of the type that was planned."

The court also found that defendants had misrepresented to plaintiffs the condition of the lots, and that the transaction was tainted with fraud. We fully concur with the trial court that the evidence preponderates in favor of plaintiffs, strongly so. The facts found justify a rescission. *Dahl et al v. Crain et ux,* 1951, 193 Or 207, 224, 237 P2d 939.

Affirmed.