Argued and submitted October 15, 1986, reversed and remanded May 20,
reconsideration allowed by opinion October 21, 1987
See 88 Or App 114 (1987)

SOURSBY et ux,
*Appellants,*

*v.*

HAWKINS et ux,
*Third Party Plaintiffs - Respondents.*

(84-382-NJ-2; CA A38256)

737 P2d 145

Richard A. Stark, Medford, argued the cause for appellants. With him on the brief was Stark and Hammack, Medford.

Doug S. Gard, Medford, argued the cause for respondents. With him on the brief was Jackson County Legal Services, Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs appeal from a summary judgment in their action to rescind a contract to purchase real property from defendants.[1] We reverse.

In February, 1977, plaintiffs, who were California residents, purchased approximately 10 acres of undeveloped real property in Jackson County from defendants. Access to the property was over a private road. Plaintiffs had told defendants that they planned to retire in Oregon and build a home on the property. Defendants orally represented to them that the property "was suitable for residential purposes." The parties executed an earnest money agreement which recited:

> "The property is to be conveyed free and clear of all liens and encumbrances to date except zoning ordinances [and] building and use restrictions."

At closing, defendants gave plaintiffs a warranty deed which recited:

> "And grantor hereby covenants to and with grantees and the heirs of the survivor and their assigns, that the grantor is lawfully seized in fee simple of the above granted premises, free from all encumbrances, except the premises herein described are forest lands & are potentially subject to increased taxes, easements and rights of way of record."

The deed did not contain the exception for zoning ordinances. Plaintiffs gave defendants a long-term promissory note for the $12,000 balance of the purchase price and a trust deed to secure it.

In 1980, plaintiffs changed their plans and decided to sell the property. In April, 1982, they learned that the private road was not an "approved way" under a Jackson County zoning ordinance if the property were used for residential purposes and that the county would not issue a building permit until the property had approved access. The zoning ordinance provides:

> "*Access.* All lots used for residential purposes shall abut a public road or approved way for a distance of at least 25 feet."

---

[1] Defendants Thomann and Lawyers' Title Insurance Corp. are not parties to this appeal.

In May, 1982, plaintiffs contacted an attorney, who advised them that he did not think the ordinance was in effect when they purchased the property. In late October, 1982, plaintiffs learned to the contrary, and they also learned that it would cost approximately $21,000 to bring the private road to county standards for an "approved way."[2] Plaintiffs then stopped making payments on the note. On December 28, 1982, they sent a notice of rescission to defendants. In February, 1984, they filed this rescission action. Defendants counterclaimed on the note. The court granted defendants' motion for summary judgment on plaintiffs' claim and their counterclaim.

The parties agree that, if defendants made a misrepresentation, it was innocent. Defendants were unaware of any access problems until April, 1982, when plaintiffs' attorney contacted them. Plaintiffs argue, however, that defendants' representation that the property was suitable for residential purposes meant that the access to the property complied with the zoning ordinance and that, in any event, there is a genuine issue of material fact whether that is what it meant.[3] Defendants respond that, as a matter of law, they made no representation concerning access to the property; that if they made the representation it was not actionable, because plaintiffs were charged with knowledge of the zoning ordinance; that plaintiffs, as a matter of law, had no right to rely on it, because the exceptions clause in the earnest money agreement excluded any representation concerning zoning ordinances; and that, finally, as a matter of law plaintiffs waived their right to rescind. We hold that there are genuine issues of material fact whether defendants made an actionable misrepresentation and whether plaintiffs had a right to rely on it.

■ Contrary to defendants' argument, there is a genuine issue of material fact whether plaintiffs could reasonably have understood defendants' representation to mean that the access to the property complied with the zoning ordinance.

---

[2] The precise requirements for an "approved way" do not appear in the record.

[3] Plaintiffs' argument that the parcel was "illegal" is without merit. They do not contend, and there is nothing in the record to suggest, that the conveyance was in violation of any statute or ordinance. *Compare Ogan v. Ellison,* 297 Or 25, 682 P2d 760 (1984).

"The language of [a] representation is to be interpreted by the effect which it would produce upon an ordinary mind, and * * * its meaning [is a question of fact]." *Hansen v. Holmberg,* 176 Or 173, 185, 156 P2d 571 (1945); *see also Nolt v. Palumbo,* 235 Or 68, 383 P2d 1015 (1963).

Defendants argue, however, that, even if they are held to have represented that the access complied with the zoning ordinance, such a misrepresentation would, as a matter of law, not be actionable, because it is not a misrepresentation of material fact. In *Gamble et ux v. Beahm,* 198 Or 537, 257 P2d 882 (1953), the plaintiffs sued to rescind a contract to purchase a residence on the ground that the defendant had innocently represented to them that they could rent out some of the rooms as apartments. After they had signed the contract, the plaintiffs discovered that a city zoning ordinance forbade use of the premises as a multiple family dwelling. The court stated that "[e]xpressions that certain property is suitable for a certain purpose, when in fact it is not, are misrepresentations of a present material fact and are actionable." 198 Or at 543. (Citations omitted.) *See also Slocum v. Leffler,* 272 Or 700, 528 P2d 906 (1975); *Nolt v. Palumbo, supra.*

Defendants also assert that plaintiffs are charged with knowledge of applicable zoning ordinances and, therefore, had no right to rely on the representation. On the issue of reliance, the court stated in *Gamble et ux v. Beahm, supra:*

"While we are of the opinion that the statement as made by the defendant was a statement of a material fact upon which the purchasers had a right to rely, nevertheless, in any event, the means of obtaining information as to the rights of a purchaser to lawfully let the apparently available space in the residence were not furnished by the defendant, nor were they open or at hand. To obtain this information would have required an investigation of the records of the city of Portland, a study and an interpretation of its building code, and a purchaser in such a situation is not required to investigate the records, but may rely upon the representations of the seller, especially where the seller was informed of the proposed use of the premises by the buyer." 198 Or at 545. (Citations omitted.)

Defendant argues, however, that, in the light of *Mitchell v. Chernecki,* 286 Or 285, 593 P2d 1163 (1979), *Gamble* is no longer a correct statement of the law. In *Mitchell,* the

plaintiffs purchased a lot that contained two buildings suitable for residential use. The defendants knew that the plaintiffs intended to lease them. After they had signed the contract, the plaintiffs discovered that the property was zoned for single-family residential use. They sued to *reform* the contract to reflect that the agreement was for the purchase of a parcel of property with two structures on it, each suitable for residential rental purposes and for damages for its breach. The court held that the plaintiffs were not entitled to reformation:

> "Given the proliferation of zoning ordinances in [recent years], and the public policy of this state encouraging land use planning at all levels of government, we believe that the better course of the law is to hold that [a] purchaser of real property who seeks to enforce his contract of purchase on the equity side of the court is charged with notice of zoning laws which affect that property." 286 Or at 291. (Footnotes and citations omitted.)

In a footnote, however, the court added:

> "This case is not concerned with the situation in which a vendee who has no actual knowledge of the applicable zoning restrictions seeks to *avoid* the contract rather than to enforce it. *Compare Slocum v. Leffler,* 272 Or 700, 528 P2d 906 (1975). *See, also, Gamble et ux v. Beahm,* 198 Or 537, 257 P2d 882 (1953)." 286 Or at 291 n 2. (Emphasis in original.)

In the light of *Gamble* and the court's statement in *Mitchell,* we cannot hold, as a matter of law, that plaintiffs were not entitled to rely on the representation.

Moreover, the exception for zoning ordinances that appeared in the earnest money receipt does not, as a matter of law, preclude plaintiffs' reliance on defendants' representation. That exception did not appear in the deed.[4] In *Winn v. Taylor,* 98 Or 556, 578, 190 P 342, 194 P 857 (1921), the court held that a prior understanding between the parties that a lease was excepted from the covenant against encumbrances was superseded by the warranty deed which did not contain

---

[4] Defendants rely on *Wilkinson v. Carpenter,* 276 Or 311, 554 P2d 512 (1976), and *Hoover v. Hegewald,* 70 Or App 223, 689 P2d 965 (1984), *rev den* 298 Or 773 (1985), which held that a clause specifically excluding any warranties or representations precluded the purchasers from relying on an innocent misrepresentation as a basis for rescission. We do not decide if the provision in the earnest money agreement here would have precluded plaintiffs' reliance if it had not merged into the deed.

the exception and that the plaintiff was entitled to damages for its breach. Similarly, although the earnest money agreement here contains an exception for zoning ordinances, the warranty deed does not. The provision in the earnest money receipt merged into the deed, and defendants cannot claim its protection.[5]

■ Defendants argue finally that, as a matter of law, plaintiffs waived their right to rescind, because they did not promptly provide notice of rescission when they learned about the access problem in April, 1982. Plaintiffs assert, however, that, because they were unaware until late October, 1982, that the zoning ordinance had been in effect when they purchased the property, they were unaware that there had been any misrepresentation until that time. They made no further payments after October, 1982, and sent a notice of rescission and tendered back the property to defendants on December 22, 1982. We disagree with defendants that, as a matter of law, the time lapse between discovery and notice of rescission was too long. Plaintiffs were not in possession of the property and, on this record, took no action inconsistent with their intent to disaffirm the contract. *See Bodenhamer v. Patterson,* 278 Or 367, 563 P2d 1212 (1977); *compare Porras v. Bass,* 63 Or App 832, 665 P2d 1249, *rev den* 295 Or 840 (1983).

Reversed and remanded.

---

[5] A zoning ordinance is not an encumbrance, *Hall v. Risley and Heikkila,* 188 Or 69, 213 P2d 818 (1950), but that does not affect our analysis of the merger issue.