Argued October 5, 1955, reversed January 18, 1956

# JOHNSTON *v.* LINDSAY

292 P. 2d 495

George G. *Van Natta*, St. Helens, argued the cause for appellant. With him on the briefs was John L. Foote, St. Helens.

*Warde H. Erwin* argued the cause for respondent. On the briefs were Boyd & Erwin, Portland.

Before WARNER, Chief Justice, and LUSK, BRAND and LATOURETTE, Justices.

## LUSK, J.

This is an action to recover damages for breach of warranty of a boundary of land alleged to have been sold by the defendant to the plaintiff. A jury trial resulted in a verdict and judgment for the plaintiff, and the defendant appeals.

The answer to one question is decisive of the case. That question is whether or not a warranty given in the course of negotiations looking to the sale of real property or contained in the contract of sale is merged in the subsequent deed.

A preliminary question of practice must first be disposed of. The defendant asserts that there is no bill of exceptions because the entire testimony has not been brought to this court. But there is nothing in the law which supports this suggestion. It was not until 1913 that a bill of exceptions consisting of a tran-

script of the whole testimony, the exhibits offered and received or rejected, and the instructions of the court to the jury, was authorized by the statute. General Laws of Oregon 1913, ch 332. Prior thereto it was provided ''The objection shall be stated with so much of the evidence or other matter as is necessary to explain it, but no more.'' L.O.L. § 171. The law, as it then read, was strictly enforced, and attempts to make the entire evidence serve as bills of exception (except where the question was on a motion for nonsuit or directed verdict) met with judicial rebuffs, sometimes accompanied by caustic comments on that sort of practice. See *National Council v. McGinn*, 70 Or 457, 465, 138 P 493; *O'Connor v. Van Hoy*, 29 Or 505, 511, 45 P 762; *Eaton v. O. R. & N. Co.*, 22 Or 497, 501, 30 P 311. The 1913 amendment did not, however, abolish the old practice, though, as a result of the amendment and the influence of Art VII, § 3 of the Constitution, it has fallen into innocuous desuetude, and a bill of exceptions consisting of only so much of the evidence or other matter as is necessary to explain the objection has rarely found its way to the office of the clerk of the Supreme Court in recent years. We commend to the profession the reading of what was said on this subject in the cases above cited and also in *Malloy v. Marshall-Wells Hardware Co.*, 90 Or 303, 322, 173 P 267, 175 P 659, 176 P 589, and, having done so, that they consider the question whether they cannot in a particular case pursue the former practice to the advantage of themselves and their clients and to the gratification of this court.

The present bill of exceptions is of that character, and is a welcome visitor because it saves the time and energies of the justices of a heavily burdened court. It has been duly certified by the circuit judge as con-

taining "an accurate statement in narrative form of the evidence taken in the trial in sufficient detail to explain the exceptions taken at the trial." It is entirely sufficient for present purposes. Had the plaintiff so desired, it was his privilege to have the entire testimony attached to the Bill of Exceptions, as provided in Art VII, § 3 of the Constitution of Oregon.

In his amended complaint the plaintiff alleged that on April 16, 1946, the defendant sold to him certain real property in Columbia County, Oregon, described as Section 10, Township 4 North, Range 5 West of the Willamette Meridian; that prior to the sale the defendant pointed out to the plaintiff and represented and warranted the westerly line of said section; that plaintiff purchased the land in reliance on such warranty; that the representation was false in that the true westerly boundary of the real property was 5.3 chains east of the line pointed out and warranted by the defendant. There are appropriate allegations of damage suffered by the plaintiff as the result of the alleged breach of warranty.

Some of the allegations of the complaint would suggest that the action is based on fraud, but, in view of the fact that such an action would have been barred by the statute of limitations and that on the trial counsel for the plaintiff, in response to a motion of the defendant requiring him to elect whether he was proceeding against the defendant on a claim for fraud or for breach of contract, stated: "This is not a fraud action, it is an action for breach of covenant," it must be so treated by this court.

The proof shows that under date of November 6, 1946, the defendant and his wife conveyed the land in question by general warranty deed to Vancouver Plywood and Veneer Company, a Washington corporation,

and that the corporation, under date of May 11, 1949, by general warranty deed, conveyed it to the plaintiff, Art Johnston, and Veda Johnston, husband and wife. In both deeds the property conveyed is described as above set forth. The proof further shows that in April, 1946, the plaintiff and the defendant viewed the property together, that the defendant pointed out to the plaintiff the location of what he said was the west line of Section 10, that plaintiff relied on the representation, that the line so pointed out by the defendant was in fact 5.3 chains east of the true west line of Section 10, and that the plaintiff suffered damages as alleged in his amended complaint.

It was also shown that the plaintiff went into possession of the land and cut timber on the portion thereof lying between the true west line of Section 10 and the line pointed out to him by the defendant, and which was actually the property of Longview Fibre Company, a corporation; that Longview Fibre Company sued the plaintiff in trespass and obtained a decree enjoining him from further cutting and for double damages in the sum of $2,596, which decree was affirmed by this court (*Longview Fibre Co. v. Johnston,* 193 Or 385, 238 P2d 722), and he sustained other damage. The jury in the present case returned a verdict for plaintiff in the sum of $2,614.05.

It is urged in defendant's brief that the plaintiff failed to prove that the property was sold to him by the defendant because there is no evidence of a deed running from the defendant to the plaintiff. The evidence clearly indicates that the purchase price of the property was advanced by Vancouver Plywood and Veneer Company as a loan to the plaintiff and that the deed was issued to the company to secure repayment of the loan. Actually, therefore, the sale

was to the plaintiff and his rights in the property derived from that deed. The Vancouver Plywood and Veneer Company stood in the position of trustees, or agents, or both, for the plaintiff, and the question whether a parol warranty not found in the company's deed survives the deed is governed by the same rule as would have been applied had the deed been made in the first instance to the Johnstons.

We need not concern ourselves with the fact that the preliminary agreement for the sale of the land was not in writing, for even though it had been in writing the rule of law governing the case would have been precisely the same. That rule, as stated in 2 Devlin on Real Estate (2d ed) § 850a and quoted with approval by Mr. Justice BROWN, writing for the court in *Winn v. Taylor*, 98 Or 556, 578, 190 P 342, 194 P 857, is as follows:

> "When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties. 'No rule of law is better settled than that where a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is *functus officio*, and the rights of the parties rest thereafter solely on the deed.'"

See, also, *Smith v. Vehrs*, 194 Or 492, 504, 242 P2d 586; *City of Bend v. Title & Trust Co.*, 134 Or 119, 126-127, 289 P 1044, 84 ALR 1001; *Blake-McFall Co. v. Wilson*, 98 Or 626, 642, 193 P 902, 14 ALR 1275. Covenants deemed to be collateral and dependent, it is said, are not destroyed by the execution of the deed, but a covenant is not so regarded if it looks to or is connected with the title, possession, quantity or emblements of

the land which is the subject of the contract. In the case of a covenant regarding those matters the execution of the deed in pursuance of the contract will operate as an extinguishment of it. *City of Bend v. Title & Trust Co.*, supra at p 127; *Van Hee v. Rickman*, 109 Or 357, 360, 220 P 143; *Bull v. Willard*, 9 Barb (NY) 641; *Continental Life Ins. Co. v. Smith*, 41 N Mex 82, 64 P2d 377; *Martin v. Hamlin*, 18 Mich 354, 100 Am Dec 181.

■ Now, this is the kind of a case to which the doctrine of merger applies. The representation or warranty concerning the west boundary line of Section 10 was connected with and looked to the quantity of land. The deed conveying Section 10 was executed in pursuance of the terms of the preliminary contract, and the warranty contained in the deed was a warranty of title to Section 10 and nothing beyond that. The oral representation could not be given effect without contradicting the terms of the deed. As stated in *Glass v. Hulbert*, 102 Mass 24, 3 Am Rep 418, the deed is "in distinct disregard and implied disavowal" of the covenant upon which this action is brought.

The plaintiff relies on *Garland v. Shrier*, 155 Or 387, 64 P2d 530, but that case is controlled by an entirely different principle. It resembles the present case in that one of the parties to an exchange of properties misrepresented a boundary line of land which he undertook to convey. The parties entered into an executory contract. No deed was ever given. Upon the discovery of the error as to the boundary line the plaintiff brought suit to rescind the contract and was granted relief by this court on the ground of a mistake of fact. There could be no question, of course, of merger of the provisions of a preliminary contract of

sale into a subsequent deed because there was no deed. The case is not in point.

The plaintiff's claim is one which appeals to the sympathies of the court because he has suffered a substantial loss through the misrepresentation—no doubt an innocent one—made by the defendant respecting the west boundary line of the land in question. But we see no way to grant the plaintiff relief without disregarding well-settled and salutary principles of law. There was no motion for a nonsuit or a directed verdict. But, as it is not possible for the plaintiff to recover, the only proper disposition of the case is to reverse the judgment with directions to the circuit court to enter judgment for the defendant.

Reversed.