Argued April 30, reversed and remanded July 29, 1976

PETERSON et ux, *Appellants,*
*v.*
AUVEL et al, *Respondents.*

552 P2d 538

*Charles Robinowitz,* Portland, argued the cause and filed a brief for appellants.

*Anthony Buccino,* Portland, argued the cause for respondents.

Before O'Connell, Chief Justice,* and McAllister, Denecke,** and Howell, Justices.

McALLISTER, J.

*Chief Justice when case was argued.
**Chief Justice when case was decided.

**McALLISTER, J.**

The plaintiffs, Robert C. Peterson and Diane J. Peterson, brought this action for damages for fraudulent representations made by defendants during the purchase of real property by plaintiffs from Florence Johnston. The defendants Calvin Auvel and Russell Wilson were real estate brokers employed by the defendant Milton Erickson, dba Milt Erickson Realty, who acted for the seller Johnston in the transaction.

The plaintiffs appeal from an order dismissing their action after the trial court sustained defendants' demurrer to plaintiffs' third amended complaint and plaintiffs were unable to plead further.

Since this case was decided by a demurrer to plaintiffs' complaint, we are limited to consideration of the facts alleged in the complaint as hereinafter set out.

The complaint alleges that on or about June 1, 1973 plaintiffs, for a valid consideration, entered into an earnest money agreement with Florence Johnston to purchase for $21,200 approximately 19.42 acres of real property in Clackamas County.

That defendant Milton Erickson was engaged in business as a real estate broker and that defendants Auvel and Wilson were employed by Erickson and at all pertinent times were acting in the scope of their employment.

That on or about July 12, 1973 Auvel and Wilson stated to plaintiff Robert C. Peterson "that Florence Johnston was unwilling to sell the property described in the earnest money agreement * * * at the price agreed upon" and that "the Plaintiffs would not be able to enforce the earnest money agreement in a court, and that they would spend three years trying unsuccessfully if they insisted on enforcing the earnest money agreement", which had been signed by their client Florence Johnston.

That Auvel and Wilson knew that their representa-

tions "were not correct and were made to induce Plaintiffs to sign a new earnest money agreement to purchase the property at a higher price."

That plaintiffs reasonably relied on Auvel's and Wilson's representations "by releasing Florence Johnston from any responsibility under the agreement" and that "on or about July 12, 1973 Plaintiffs entered into a new earnest money agreement with Florence Johnston * * * to purchase the same real property * * * for $25,000.00."

That as a result of Auvel's and Wilson's alleged misrepresentations that plaintiffs "were damaged in the amount of $3,800.00, plus additional interest payments in the amount of $2,850.00."

Plaintiffs also alleged that defendants' acts were intentional and malicious and that plaintiffs are entitled to punitive damages.

Plaintiffs assign as error the sustaining of the demurrer to plaintiffs' complaint.

The necessary elements of an action for deceit have been stated in Prosser, Law of Torts (4th ed 1971) 685-686, § 105:

"1. A false representation made by the defendant. In the ordinary case, this representation must be one of fact.

"2. Knowledge or belief on the part of the defendant that the representation is false—or, what is regarded as equivalent, that he has not a sufficient basis of information to make it. This element often is given the technical name of 'scienter.'

"3. An intention to induce the plaintiff to act or to refrain from action in reliance upon the misrepresentation.

"4. Justifiable reliance upon the representation on the part of the plaintiff, in taking action or refraining from it.

"5. Damage to the plaintiff, resulting from such reliance."

See, also, Restatement of Torts, § 525.

The defendants contend that plaintiffs' complaint was defective because (a) the misrepresentations alleged were not representations of fact, and (b) because plaintiffs did not allege their right to rely on the alleged misrepresentations.

■ We think that neither of defendants' contentions is valid and that plaintiffs' complaint states a cause of action. Although the complaint does not specifically allege that plaintiffs had a right to rely on the misrepresentations we think the right to rely clearly appears from the alleged relationship of the parties and defendants' status as real estate brokers. We quote from Restatement of Torts 105, § 545, Comment on Subsection (2):

> "* * * It is, however, not necessary that the person making the fraudulent misrepresentation of law be a lawyer; it is enough that he is dealing in a capacity which entitles the recipient to believe that he has a superior ability to reach an accurate opinion. Thus, the ordinary layman dealing with a real estate or insurance agent may be justified in relying upon the latter to know enough in regard to real estate and insurance law to give a reliable opinion upon the simpler problems arising therein. * * *"

See, also, *Briscoe v. Pittman,* 268 Or 604, 610, 522 P2d 886 (1974), where we said:

> "* * * Also, while an allegation or finding of reliance is an allegation or finding of fact, whether or not a person *has a right* to rely is a conclusion which the law draws from facts and is not an allegation or finding of fact. * * *"

Under the circumstances, we think that plaintiffs' allegation that they "reasonably relied" on the defendants' representations is sufficient.

We further hold that defendants' representations were representations of fact rather than expressions of opinion. Although it is often said that an action will not lie for expressions of opinion or misstatements of law as distinguished from those of fact, as said by Prosser:

> "The present tendency is strongly in favor of

eliminating the distinction between law and fact as 'useless duffle of an older and more arbitrary day,' and recognizing that a statement as to the law, like a statement as to anything else, may be intended and understood either as one of fact or one of opinion only, according to the circumstances of the case. Most courts still render lip service to the older rule, but they have been inclined whenever possible to find statements of fact 'implied' in representations as to the law." Prosser, op. cit. supra at 725, § 109.

The above statement is supported by prior opinions of this court. In the much cited case of *Olston v. Oregon Water Power & Ry. Co.,* 52 Or 343, 96 P 1095, 97 P 538 (1908) the plaintiff claimed he was induced by fraudulent representations to sign a release. The alleged misrepresentations were as follows:

" 'That it would be useless expense for said John H. Olston to get legal advice from any lawyer concerning the matter; that the attorney and legal adviser of the defendant company, as a person skilled in the law, had authorized the defendant company, and its agents and officers, to tell said John H. Olston that there was no responsibility on the part of the defendant company for said accident, or death, and that it was not liable in damages in any amount because of said accident, or death of said deceased; that if said John H. Olston, or any of the heirs at law of the said deceased, brought any action at law against the Oregon Water Power & Railway Company, the company would keep such action in court for 10 years or more, and would make it cost John H. Olston or any heir or heirs of said deceased that might bring such action, all the money he or they might be worth, and would prevent him, or them, from recovering any damages whatever.' " 52 Or at 354-355.

The court held, 52 Or at 355:

"Although the matter alleged and offered in proof as constituting the fraud is largely a matter of opinion, yet sometimes a statement of an opinion is necessarily based upon a fact or carries with it such an inference of fact that it can be interpreted as a statement of fact, and where it is known to be false and made with intent to deceive, it may be actionable. It is said, in 20 Cyc. 18:

" 'An expression of opinion may be so blended with

statements of fact as to become itself a statement of fact. Where one of the parties has superior knowledge on the subject, his expression of an opinion which he knows he does not entertain because it is contrary to the facts may be actionable if made for the purpose of inducing another to act upon it, which he does to his injury.' "

In *Hansen v. Holmberg,* 176 Or 173, 156 P2d 571 (1945), there was evidence of sellers' representations that buyers of a retail beer business could continue to purchase 14 to 16 kegs of beer weekly from a brewery when the sellers knew the supply was about to be cut off. The court held this warranted the buyer's recovery on an action in deceit. The court noted at page 180 that as early as 1876 Oregon courts had held that a knowingly false representation of opinion was actionable. The rule underlying the earlier Oregon opinions was as stated in 23 Am Jur 790, Fraud and Deceit § 32:

"\* \* \* 'that the expression of an opinion not in reality entertained may constitute actionable fraud where it is stated falsely and with intent to deceive.' \* \* \*" 176 Or at 182.

The defendants pointed to the plaintiff's own knowledge and experience in beer retailing. The court held, 176 Or at 185, that it was for the jury to decide whether "it would have been folly" for the plaintiffs to rely on the defendants' misrepresentation and therefore whether or not it was justifiable reliance.

*Holland v. Lentz,* 239 Or 332, 345, 397 P2d 787 (1964), recognized that statements of opinion may be actionable where the parties are not on equal footing and do not have equal knowledge or means of knowledge.

■ When representations by the defendant may be fact or opinion, according to the circumstances, a pleading may not be held insufficient on the ground that the representations are not factual. *Eyers v. Burbank,* 97 Wash 220, 166 P 656, 659 (1917); *Van Slochem v. Villard,* 207 NY 587, 101 NE 467, 468 (1913). *See also, Sellers v. Looper,* 264 Or 13, 20, 503 P2d 692 (1972). In such case, the question of whether the representation

was one of fact or of opinion is for the trier of fact to decide upon proof at trial. *Hansen v. Holmberg, supra,* 176 Or at 180-182; *Olston v. Oregon Water Power & Ry. Co., supra,* 52 Or at 356-357; *Tacoma v. Tacoma Light & Water Co.,* 17 Wash 458, 50 P 55, 59-60 (1897). *Cf. Holland v. Lentz, supra,* 239 Or at 347-348.

Because the defendants in this case were real estate brokers their statements of opinion as to the legal consequences of the earnest money agreement which were knowingly false and made with the intent to induce the plaintiffs to agree to a larger sales price were actionable as fraudulent representations. It is at least a question for the jury whether the reliance by the plaintiffs on the representations was justified.

The court erred in sustaining the demurrer to plaintiffs' complaint. The case is remanded with instructions to overrule the demurrer and for further proceedings not inconsistent with this opinion.