On respondents' petition for reconsideration filed August 5, reconsideration allowed, opinion (85 Or App 466, 737 P2d 145) modified, and adhered to as modified October 21, 1987, petition for review allowed February 9, 1988 (305 Or 102)

SOURSBY et ux,
*Appellants,*

*v.*

HAWKINS et ux,
*Third Party Plaintiffs - Respondents.*

(84-382-NJ-2; CA A38256)

743 P2d 1155

Doug S. Gard, Medford, for petition. With him on the petition was Jackson County Legal Services, Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

In our previous opinion, we stated (85 Or App at 471):

"Moreover, the exception for zoning ordinances that appeared in the earnest money receipt does not, as a matter of law, preclude plaintiffs' reliance on defendants' representation. That exception did not appear in the deed.[4] In *Winn v. Taylor,* 98 Or 556, 578, 190 P 342, 194 P 857 (1921), the court held that a prior understanding between the parties that a lease was excepted from the covenant against encumbrances was superseded by the warranty deed which did not contain the exception and that the plaintiff was entitled to damages for its breach. Similarly, although the earnest money agreement here contains an exception for zoning ordinances, the warranty deed does not. The provision in the earnest money receipt merged into the deed, and defendants cannot claim its protection.[5]

---

"[4]

Defendants rely on *Wilkinson v. Carpenter,* 276 Or 311, 554 P2d 512 (1976), and *Hoover v. Hegewald,* 70 Or App 223, 689 P2d 965 (1984), *rev den* 298 Or 773 (1985), which held that a clause specifically excluding any warranties or representations precluded the purchasers from relying on an innocent misrepresentation as a basis for rescission. We do not decide if the provision in the earnest money agreement here would have precluded plaintiffs' reliance if it had not merged into the deed.

"[5]

A zoning ordinance is not an encumbrance, *Hall v. Risley and Heikkila,* 188 Or 69, 213 P2d 818 (1950), but that does not affect our analysis of the merger issue."

Respondents assert that the exception for zoning ordinances in the earnest money receipt did not merge into the deed, because the zoning ordinance is not an encumbrance. We grant their petition for reconsideration.

We modify our opinion to delete the quoted paragraph, including footnotes 4 and 5, and replace it with the following:

As we have noted, there is a genuine issue of material fact whether plaintiffs could reasonably have understood defendants' representation that the property was "suitable for residential purposes" to mean that the access to the property

complied with the zoning ordinance. Moreover, as indicated above, in a rescission action, the plaintiffs are not, as a matter of law, charged with knowledge of applicable zoning restrictions. Accordingly, in the absence of undisputed fact that plaintiffs had actual knowledge of the applicable zoning restrictions, the exception for zoning ordinances that appeared in the earnest money receipt does not preclude their reliance on defendants' representation.[4]

---

[4]
The exception for zoning ordinances in the earnest money receipt did not appear in the deed. We do not need to decide if that provision merged into the deed. Moreover, *Wilkinson v. Carpenter,* 276 Or 311, 554 P2d 512 (1976), and *Hoover v. Hegewald,* 70 Or App 223, 689 P2d 965 (1984), *rev den* 298 Or 773 (1985), on which defendants rely, concerned clauses in real estate contracts, which are absent here, that specifically disclaimed any warranties or representations of seller. *Farnsworth v. Feller,* 256 Or 56, 471 P2d 792, (1970), is also no comfort to defendants, particularly this statement:

> "As for the exception in the earnest money agreement, in small print, relating to zoning, it should suffice to point out that no such exception appears either in the final contract of sale or in the deeds to the property involved." 256 Or at 64.

The remainder of our previous opinion is unchanged.

Petition for reconsideration granted; opinion modified and adhered to as modified.