Argued and submitted March 3, the decision of the Court of Appeals affirmed, judgment of trial court reversed and remanded to trial court for further proceedings November 1, 1988

SOURSBY et ux,
*Respondents on Review,*

*v.*

HAWKINS et ux,
*Petitioners on Review.*

(TC 84-382-NJ-2; CA A38256; SC S34305)

763 P2d 725

Doug S. Gard, Medford, argued the cause and filed the petition for petitioners on review.

Richard A. Stark, Medford, argued the cause for respondents on review.

CAMPBELL, J.

## CAMPBELL, J.

In this case we address whether the plaintiffs may rescind their purchase of undeveloped real property because the defendants' real estate agent innocently misrepresented that the property was suitable for residential purposes when zoning ordinances prohibited residential use of the property. The trial court granted the defendants' motion for summary judgment. The Court of Appeals reversed. *Soursby v. Hawkins,* 85 Or App 466, 737 P2d 145, *modified* 88 Or App 114, 743 P2d 1155 (1987). We affirm the decision of the Court of Appeals and remand the case for trial.

Our inquiry is limited to determining whether the defendants demonstrated that there are no genuine issues as to any material fact and whether the defendants are entitled to judgment as a matter of law. ORCP 47C; *Welch v. Bancorp Management Services,* 296 Or 208, 675 P2d 172 (1983), *reh denied,* 296 Or 713, 679 P2d 866 (1984). The specific issues on appeal are whether a disclaimer in the earnest money agreement bars the plaintiffs' reliance on the misrepresentation and, if not, whether that reliance was nonetheless unreasonable as a matter of law. We hold that there are issues of fact whether the disclaimer "merged" into the deed and whether the plaintiffs' reliance on the representation was reasonable.

The plaintiffs, Mr. and Mrs. Soursby, became interested in purchasing ten acres of undeveloped forest land from Mr. and Mrs. Hawkins, the defendants. The listing for the property stated that electricity was available and the parcel had "excellent neighbors." The land abutted an unpaved road which area residents used for access.

The Soursbys told the Hawkinses and the Hawkinses' real estate agent that they wanted undeveloped land so they could build a home. The Hawkinses' real estate agent told the Soursbys that the property was suitable for residential purposes. At the time, a Jackson County zoning ordinance prohibited residential development of the Hawkinses' property because it did not abut an "approved way."[1] Improving the road to conform to county standards

---

[1] The pertinent restriction is Article IX, Section 5, Zoning Ordinances of Jackson County. *"Access.* All lots used for residential purposes shall abut a public road or approved way for a distance of at least 25 feet." The requirements for an "approved way" are not in the record.

would cost several thousand dollars.

Without checking zoning restrictions, the Soursbys executed an earnest money agreement to purchase the property. In February 1977, the Hawkinses delivered a warranty deed in return for the Soursbys' note secured by a trust deed.

In 1982, the Soursbys learned that zoning prohibited residential development of their property. The Soursbys immediately stopped making payments on the note. They notified the Hawkinses that they were rescinding and tendered a deed for the property to the Hawkinses.

In January 1984, the Soursbys filed this suit, alleging the real estate agent's misrepresentation of zoning as the basis for rescission.[2] The Hawkinses filed a general denial. They also raised a counterclaim and two cross-claims that we need not address. The Hawkinses then moved for summary judgment on three grounds: (1) the Soursbys waived their right to rescind; (2) the earnest money agreement disclaims representations regarding zoning and other use restrictions on the property; and (3) the Soursbys should have investigated the property's zoning.[3] We address each ground in turn.

■     The Hawkinses failed to demonstrate that the Soursbys waived their right to rescind. When the Soursbys learned of the misrepresentation, they immediately stopped paying on the note and tendered a deed to the Hawkinses. Nothing in the record suggests that the Soursbys ever acted in a manner inconsistent with their intent to avoid the transaction. *See Bodenhamer v. Patterson,* 278 Or 367, 375-76, 563 P2d 1212 (1977). Therefore, the Hawkinses are not entitled to summary judgment on the basis of a waiver.

■     Nor are the Hawkinses entitled to summary judgment based on a disclaimer in the earnest money agreement. Prior to the execution of the deed, an earnest money agreement was the only written agreement between the parties. A provision of that agreement reads: "The property is to be

---

[2] The Soursbys alleged a violation of partitioning laws as another ground for rescission. The Hawkinses' motion for summary judgment does not address this ground. The Soursbys have abandoned an allegation of fraud.

[3] In their second amended answer, the Hawkinses raised the affirmative defense of laches, but laches is not raised in their motion for summary judgment.

conveyed free and clear of all liens and encumbrances to date except zoning ordinances, building and use restrictions * * *." The Soursbys have not disputed the Hawkinses' assertion that this provision operates as a disclaimer of outside representations, including representations that the property is buildable. Therefore, we will interpret the provision as a disclaimer.[4]

If the disclaimer in the earnest money agreement is given effect, it bars reliance on innocent misrepresentations. *Wilkinson v. Carpenter,* 276 Or 311, 314, 554 P2d 512 (1976). The Soursbys argue that the disclaimer has no effect because there is no disclaimer in the deed.

When a deed is delivered pursuant to the terms of a previous agreement, terms in the previous agreement merge[5] into the deed, which means that "the deed supersedes the contract as to all its provisions made pursuant to the terms of the latter * * *." *City of Bend v. Title & Trust Co.,* 134 Or 119, 127, 289 P 1044 (1930). *See also* Annot., 84 ALR 1008 (1933);

---

[4] The provision relied on as a disclaimer is ambiguous because zoning ordinances are not encumbrances. *Hall v. Risley and Heikkila,* 188 Or 69, 86, 213 P2d 818 (1950). Therefore, it is somewhat confusing to say that property is free from encumbrances except zoning ordinances.

[5] Merger is closely related to the operation of the parol evidence rule, ORS 41.740, and the contours of the two rules lack definition. In *Caldwell v. Wells,* 228 Or 389, 365 P2d 505 (1961), the defendant contended that the oral agreement was inadmissible under the parol evidence rule and that the previous agreement merged into the deed. This court treated the rules separately and answered the parol evidence argument by citing 1 Restatement of Contracts § 240 (1932) and the merger argument by relying on *Johnston v. Lindsay,* 206 Or 243, 248, 292 P2d 495 (1956). In *Land Reclamation v. Riverside Corp.,* 261 Or 180, 182, 492 P2d 263 (1972), this court said:

"The assertion that a deed merges an antecedent agreement is but another way of stating that parol and other extrinsic evidence is not admissible to vary an unambiguous writing."

Different authorities treat the doctrine of merger in different ways. Corbin disapproves of the term "merger." 6 Corbin, Contracts 310, § 1319 (1962). Apparently, the Restatement uses the term "integration" instead of "merger." Restatement (Second) of Contracts §§ 209-18; § 275, *comment a* at 368 (1981). Both Williston and Tiffany recognize the doctrine of merger. 7 Williston on Contracts § 926 (3d ed Jaeger 1963); 4 Tiffany Law of Real Property § 981.05 (3d ed 1975). *See also* Annotation, *Deed as Superseding or Merging Provisions of Antecedent Contract Imposing Obligations Upon the Vendor,* 38 ALR2d 1310 (1954).

Without explaining the relationship between merger and the parol evidence rule, this court has given the rules different treatment in at least two recent cases. *Compare Jensen v. Miller,* 280 Or 225, 232, 570 P2d 375 (1977) and *Hatley v. Stafford,* 284 Or 523, 532, 588 P2d 603 (1978). This case does not present the opportunity to sort out the differences between the rules because neither party raised the parol evidence rule.

6 Corbin, Contracts 310, § 1319 (1962). Terms that do not affect the title, possession, quantity or emblements of the land are deemed collateral to the promise to convey. *Johnston v. Lindsay,* 206 Or 243, 248-49, 292 P2d 495 (1956). Collateral terms merge only to the extent that the parties intended the deed to be the final memorial of their bargain. *Jensen v. Miller,* 280 Or 225, 231, 570 P2d 375 (1977). *See also Caldwell v. Wells,* 228 Or 389, 397, 365 P2d 505 (1961). The disclaimer in the earnest money agreement is collateral because it does not affect the title, possession, quantity or emblements of the property. *See Johnston v. Lindsay, supra,* 206 Or at 248-49.

The burden of demonstrating that the parties did not intend the collateral disclaimer to merge is on the Hawkinses, because they are denying the merger. *See Smith v. Vehrs,* 194 Or 492, 505, 242 P2d 586 (1952). Whether the parties intended to extinguish the terms of the previous agreement is a question of fact. *Jensen v. Miller, supra,* 280 Or at 232. Because the record is silent on whether the parties intended the disclaimer to merge into the deed, there is a question of fact whether the disclaimer merged. Therefore the disclaimer is not a ground for summary judgment.

We turn to the third ground the Hawkinses asserted for summary judgment:

"It was Plaintiffs' obligation as Buyer of the property which is the subject of this action to assess the zoning and other ordinances applicable to the purchased property."

■ A real estate purchaser may rescind if the vendor innocently misrepresented a material fact. The purchaser must show that he relied on the misrepresentation and that he had a right to rely. *E.g., Souza v. Jackson County Fed. S. & L.,* 256 Or 220, 224, 472 P2d 272 (1970). The Hawkinses argue that the Soursbys had no right to rely on the real estate agent's statement because, as a matter of law, the Soursbys are charged with notice of zoning ordinances, and because the Soursbys would have discovered the zoning restrictions if they had exercised reasonable care. We first address whether all purchasers of real property are charged with notice of zoning ordinances.

In a case in which a real estate purchaser sought to

reform the land sale contract based on the vendor's misrepresentation of zoning, this court charged the purchasers with notice of zoning restrictions. *Mitchell v. Chernecki,* 286 Or 285, 593 P2d 1163 (1979). The court explained:

"Given the proliferation of zoning ordinances in the half century since *C.D. Gammon Co. v. Standard Trust & Savings Bank,* [327 Ill 489, 158 NE 810 (1927)], and the public policy of this state encouraging land use planning at all levels of government, we believe that the better course of the law is to hold that a purchaser of real property who seeks to enforce his contract of purchase on the equity side of the court is charged with notice of zoning laws which affect that property." 286 Or at 291 (footnotes omitted).

The *Mitchell* court noted that "[t]his case is not concerned with the situation in which a vendee who has no actual knowledge of the applicable zoning restrictions seeks to *avoid* the contract rather than to enforce it." 286 Or at 291 n 2. Not surprisingly, the Hawkinses urge us to adopt the "better course of the law" and charge the Soursbys with notice of zoning restrictions. However, we find *Mitchell* inapplicable.

In *Mitchell,* the land sale contract did not mention buildings on the property. The purchaser claimed that the seller told him the buildings were suitable for residential rental purposes. Renting the property, however, would have violated zoning ordinances and building codes. The purchaser sued to reform the writing to reflect the seller's agreement to convey property suitable for rental use. He also sought damages for breach of the reformed contract. 286 Or at 288. This court held that, even if there was an antecedent agreement based on the misrepresentation, the court would not grant equitable relief to enforce a conveyance of structures when use of the structures would violate land use laws and frustrate the "public policy of this state encouraging land use planning at all levels of government." *Id.* at 291.

The land use policies that dictated the result in *Mitchell* do not apply when the purchaser seeks to avoid rather than enforce his agreement. In rescission suits, there is no blanket rule charging purchasers with notice of zoning ordinances, and *Mitchell* does not entitle the Hawkinses to summary judgment as a matter of law. Because no *per se* rule governs reliance on misrepresentations of zoning in rescission

cases, we must examine the rules governing a purchaser's duty[6] to exercise diligence and investigate zoning restrictions.[7]

■    The right to rely "presents the question of the duty of the party to whom the representations have been made to use diligence in respect to those representations." *Johnson v. Cofer,* 204 Or 142, 150, 281 P2d 981 (1955). Whether a purchaser exercised due diligence is generally a question of fact. *Peterson v. Auvel,* 275 Or 633, 639-40, 552 P2d 538 (1976); *Horner v. Wagy,* 173 Or 441, 454, 146 P2d 92 (1944). Our inquiry on summary judgment is limited to determining whether it was unreasonable as a matter of law for the Soursbys to rely on the statement of the real estate agent instead of independently investigating zoning restrictions.

A requirement to investigate arises when "the prospective buyers have or can obtain equal means of information and are equally qualified to judge certain factors" surrounding the misrepresentation. *Miller v. Protrka,* 193 Or 585, 597, 238 P2d 753 (1951). If the parties do not have equal knowledge of the facts and the speaker holds himself out as having a superior ability to make an accurate representation, reliance may be reasonable. *Peterson v. Auvel, supra,* 275 Or at 637. In *Peterson,* this court held that a purchaser of land may have a right to rely on a real estate agent's opinion because "the right

---

[6] More accurately, the question is not one of duty but of a precondition for relying on the representations about zoning.

[7] ORS 93.040 now provides:

"(1) The following statement shall be included in the body of an instrument transferring or contracting to transfer fee title to real property: 'THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES.'

"* * * * *

"(3) No action may be maintained against any person for failure to include in the instrument, or for recording an instrument that does not contain the statement required in subsection (1) of this section, unless the person acquiring or agreeing to acquire fee title to the real property would not have executed or accepted the instrument but for the absence in the instrument of the statement required by subsection (1) of this section. * * *"

This provision was not in effect when the Hawkinses delivered the deed. *See* Or Laws 1983, ch 718, § 2; Or Laws 1985, ch 719, § 1.

to rely clearly appears from the alleged relationship of the parties and defendants' status as real estate brokers." *Id.*

When a requirement to investigate arises, it is limited to exercising "reasonable diligence" or conducting a "reasonable inquiry." *E.g., Stevens v. American Savings Institution, Inc.,* 289 Or 349, 357-58, 613 P2d 1057 (1980); *Miller v. Protrka, supra,* 193 Or at 598; *Fairbanks v. Johnson,* 117 Or 362, 367, 243 P 1114 (1926). Thus, purchasers may rely on representations if discovering the truth would be unreasonably difficult. *Gamble v. Beahm,* 198 Or 537, 545, 257 P2d 882 (1953).

In *Gamble v. Beahm, supra,* this court granted rescission when a purchaser of real property relied on the seller's misrepresentation regarding land use restrictions. Even though the purchaser was experienced in real estate transactions and the seller was not, the court held that the purchaser's reliance on the seller's representation was reasonable because

> "[t]o obtain this information would have required an investigation of the records of the city of Portland, a study and interpretation of its building code, and a purchaser in such a situation is not required to investigate the records, but may rely upon the representations of the seller, especially where the seller was informed of the proposed use of the premises by the buyer." 198 Or at 545.

The Hawkinses argue that *Gamble* is distinguishable because the seller in that case misrepresented the lawfulness of an existing use, and therefore it was more reasonable for the buyer to believe that the use was permitted. The fact that property is not developed may suggest that development is unlawful. In such a case, reliance may be unreasonable. In this case, however, neighboring property was developed for residential purposes, and the Soursbys may have had no reason to believe that they could not also develop.

The representation on which the Soursbys relied was made by a real estate agent who may have dealt "in a capacity which entitles the recipient [of the representation] to believe that he has a superior ability to reach an accurate opinion." *Peterson v. Auvel, supra,* 275 Or at 637. Discovering the zoning

restrictions on the property could involve a complex and difficult search, particularly for buyers who are unfamiliar with the process. *See Gamble v. Beahm, supra,* 198 Or at 545.

On this record, the Hawkinses failed to show that the Soursbys' reliance was unreasonable as a matter of law. Whether the requirement of reasonable diligence would mean that the Soursbys should have investigated the zoning of the property is a question for the finder of fact. *See Horner v. Wagy, supra,* 173 Or at 454; *Peterson v. Auvel, supra,* 275 Or at 639-40. Therefore, summary judgment is inappropriate.

The decision of the Court of Appeals is affirmed. The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings.