Submitted on record and briefs November 2, affirmed December 2, 1992

James R. HOWLAND
and Shelton O. Howland,
*Respondents,*

*v.*

Michael D. HITSON
and Georgie M. Hitson,
*Appellants.*

(9101537CV; CA A74350)

841 P2d 705

Harold D. Gillis, Eugene, filed the briefs for appellants.

William P. Brandsness and Brandsness & Brandsness, P.C., Klamath Falls, filed the brief for respondents.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

PER CURIAM

## PER CURIAM

Plaintiff sellers brought this action on a land sale contract and, alternatively, on a claim for *quantum meruit*, contending that defendant buyers owed additional amounts under a provision of the contract that the balance would be increased by the amount of taxes and insurance premiums that plaintiffs paid. Defendants admitted the material allegations of the contract claim. Judgment was entered for plaintiffs pursuant to defendants' offer and plaintiffs' acceptance under ORCP 54E. Plaintiffs moved for attorney fees and, over defendants' objection, the trial court allowed them. The ORCP 54E offer recited that attorney fees could be awarded pursuant to ORCP 68, if the trial court determined that plaintiffs were entitled to them. Defendants appeal, arguing that the fees were not within the contemplation of the attorney fees provision of the contract that allows for an award in actions brought "to enforce any of the provisions hereof." Defendants offer elaborate but unpersuasive supporting particulars, none of which requires discussion, especially in the light of their admission of the allegations and stipulation to the judgment on the basis of the contract provision.

For similar reasons, we are unimpressed with defendants' contention that the attorney fees provision is a nullity under the doctrine of merger by deed. *See Soursby v. Hawkins*, 307 Or 79, 763 P2d 725 (1988).

Affirmed.