Argued and submitted April 23, on appeal, award of attorney fees vacated and
otherwise affirmed; affirmed on cross-appeal November 3, 1993

Maureen E. McGANN,
*Appellant - Cross-Respondent,*

*v.*

Lee BOYD,
*Respondent - Cross-Appellant,*
*and*

Lucille E. HOEFFLIN,
*Respondent,*
*and*

UNITED NATIONAL REAL ESTATE,
formerly United Farm Agency, Inc.,
a foreign corporation,
*Defendant.*

(91-0084-L-3; CA A74194)

862 P2d 577

Joel B. Reeder argued the cause and filed the briefs for appellant - cross-respondent.

Thomas C. Howser argued the cause for respondent - cross-appellant. With him on the brief was Howser & Munsell. Willard Bodtker joined in the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

De Muniz, J., concurring.

Rossman, P. J., dissenting.

## LEESON, J.

Plaintiff brought these claims for misrepresentation in the sale of real property against defendant seller Hoefflin and defendant real estate agent Boyd. The trial court granted defendants' motions for summary judgment, and awarded them attorney fees. Plaintiff appeals, assigning error to the summary judgment and to the award of attorney fees. Defendants cross-appeal, contending that the award of attorney fees was inadequate. We view the record in the light most favorable to the plaintiff, the non-moving party, to determine whether defendants are entitled to judgment as a matter of law. *Park v. Hoffard*, 315 Or 624, 627, 847 P2d 852 (1993). We affirm the summary judgment and vacate the award of attorney fees.

In 1984, Hoefflin listed a 15-acre parcel of land for sale with United Farm Agency, Inc., later known as United National Real Estate. Boyd was the listing agent. The property included a house and a mobile home site equipped with a septic system and electricity.

Plaintiff responded to the listing. Her complaint alleges that, during the negotiations, defendants represented that, at any time she wanted, plaintiff could sell the five-acre parcel containing the mobile home site and could subdivide the remainder of the property into lots of no less than five acres. She alleges that defendants provided her with a map indicating that the property was zoned "Rural Residential, 5-Acre Minimum Lot Size," (RR-5) and that she purchased the property for $125,000 in reliance on defendants' representations about its zoning and permissible uses.

On August 28, 1984, plaintiff signed an earnest money agreement, which contained the language then required by ORS 93.040(1):[1]

"THIS INSTRUMENT DOES NOT GUARANTEE THAT ANY PARTICULAR USE MAY BE MADE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT. A BUYER SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES."

---

[1] *Since amended by* Or Laws 1985, ch 719, § 1; Or Laws 1989, ch 366, § 1.

On that same date, a warranty deed was recorded conveying the property to plaintiff. Language identical to that quoted above appeared on the face of the deed.

On June 23, 1988, plaintiff applied to the county for a septic/well permit. The permit that she received included a zoning clearance notice, which stated that the property was zoned exclusive farm use (EFU).

In January, 1990, plaintiff decided to subdivide the property into three five-acre parcels, and checked with the Jackson County Planning Department. She alleges that that is when she first learned that the property is zoned EFU, and, therefore, cannot be subdivided.

Plaintiff commenced this action in January, 1991. The trial court granted defendants' motions for summary judgment on the ground that the claims were barred by the two-year statute of limitations. ORS 12.110(1).[2] It held that the statutorily required notice in the warranty deed gave plaintiff sufficient knowledge to cause a reasonable person to inquire whether defendants had misrepresented the zoning of the property, and that the two-year statute of limitations began running on that date. The court awarded attorney fees to defendants.

■ The statute of limitations begins to run on a claim of fraudulent misrepresentation when the fraud is "discovered." ORS 12.110. A fraud is discovered when the plaintiff either learns of the misrepresentation or has knowledge of facts sufficient to excite attention and put a party on guard or call for an inquiry. *Mathies v. Hoeck*, 284 Or 539, 542-43, 588 P2d 1 (1978). Whether a person has sufficient knowledge to call for an inquiry is ordinarily a question of fact, unless only one conclusion can reasonably be drawn from the evidence. *Mathies v. Hoeck, supra.*

■ A party to an arms-length transaction is presumed to have read the controlling documents. *Wescold, Inc. v. Logan*

---

[2] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

*International, Ltd.*, 120 Or App 512, 522 n 6, 852 P2d 960 (1993); *Lawrence v. Peel*, 45 Or App 233, 238, 607 P2d 1386 (1980). We must presume that plaintiff read the statutorily required notice on the earnest money agreement and on the deed. The question, therefore, is whether the notice that plaintiff "should check with the appropriate City or County Planning Department to verify approved uses" provided sufficient knowledge to call for an inquiry to verify approved uses.

■ ■    The Supreme Court's decision in *Soursby v. Hawkins*, 307 Or 79, 763 P2d 725 (1988), suggests the answer. In that case, the court considered whether all buyers of real property are on notice to check zoning requirements. It held that there was no such *per se* rule. In a footnote, however, the court called attention to ORS 93.040(1), and explained that "[t]his provision was not in effect when [the defendants] delivered the deed." 307 Or at 86 n 7. The implication of that footnote is that, if the statute had been in effect at the time of the conveyance, and the defendants had complied with it, the plaintiffs would have been on notice to inquire. A seller's compliance with ORS 93.040 puts a buyer of real property on notice to inquire as to approved uses.

■    Even assuming that plaintiff did not have sufficient notice to call for an inquiry at the time of the sale, the 1988 zoning clearance notice bearing the designation "EFU" rather than "RR-5" placed her on notice of defendants' alleged misrepresentations. Therefore, the statute of limitations would have begun running at that date and would have elapsed before these actions were commenced.

■ ■    Plaintiff also assigns error to the trial court's award of attorney fees to defendants. This action is for fraud, not to enforce the terms of the contract or to obtain damages under it. The contractual provision for attorney fees is, therefore, inapplicable. *See Bliss v. Anderson*, 37 Or App 773, 588 P2d 112 (1978), *rev den* 285 Or 73 (1979). Because there is no authority for an award of attorney fees, the award is vacated.

In view of our disposition of the appeal, we need not address defendants' cross-appeal, in which they contend that the award of attorney fees is inadequate.

On appeal, award of attorney fees vacated and otherwise affirmed; affirmed on cross-appeal.

**De MUNIZ, J.,** concurring.

I agree with the conclusion reached by the lead opinion that "the 1988 zoning clearance notice bearing the designation 'EFU' rather than 'RR-5' placed [plaintiff] on notice of defendants' alleged misrepresentations," 124 Or App at 413, and that the statute of limitations began to run at that time.

I write separately because I do not share with the author of the lead opinion her confidence that the Supreme Court's footnote in *Soursby v. Hawkins*, 307 Or 79, 763 P2d 725 (1988), implies that "[a] seller's compliance with ORS 93.040 puts a buyer of real property on notice to inquire as to approved uses." 124 Or App at 413. Because we do not need to decide that issue to resolve this case, I express no opinion about it.

**ROSSMAN, P. J.,** dissenting.

As the majority correctly notes, whether a person has sufficient knowledge of a misrepresentation to cause her to make inquiry is a question of fact, unless only one conclusion can reasonably be drawn from the evidence. *Mathies v. Hoeck,* 284 Or 539, 543, 588 P2d 1 (1978). Unfortunately, the majority incorrectly holds that the evidence here is such that the only conclusion that can be drawn is that, more than two years before the action was commenced, plaintiff had knowledge of facts sufficient to cause her to inquire as to whether defendants fraudulently represented that the property could be subdivided. Because I believe that fact issues remain, I must respectfully dissent.

I agree that the disclaimer contained in the deed notified plaintiff that the *deed* itself made no representations about the approved uses of the property. However, contrary to the majority's determination, I believe that it is clearly a question of fact as to whether the disclaimer could have given plaintiff sufficient knowledge to call for an inquiry as to whether *defendants* fraudulently misrepresented that the property could be subdivided. A disclaimer relating to the content of a deed does not protect a defendant from a claim of

fraudulent misrepresentation as to the zoning of the property. *See Soursby v. Hawkins*, 307 Or 79, 763 P2d 725 (1988); *Wilkinson v. Carpenter*, 276 Or 311, 314, 554 P2d 512 (1976). Neither should it be considered adequate notice to a person of the fraudulent misrepresentations of the seller. I disagree with the implication that the majority draws from *Soursby* that, in the light of the existence of ORS 93.040 and the requirement that the deed contain a disclaimer, all buyers are on notice to check for fraud.

Finally, the majority has also concluded that a small notation on a county sewer permit form that the property is zoned "EFU" was sufficient to give notice to plaintiff that she should inquire as to whether defendants fraudulently misrepresented to her that the property could be subdivided. Again, I believe that what plaintiff—or any other person—could reasonably have understood from that notation is a question for a factfinder, not something for a judge to determine as a matter of law.

Accordingly, I would send this case back to the trial court for a trial and let the jury decide the facts.