On appellants' Motion to Reconsider filed November 19, and respondent's Objection to Appellants' Motion to Reconsider filed November 27, 1996, motion for reconsideration allowed; opinion (144 Or App 298, 926 P2d 329 (1996)) adhered to February 12, Rosboro's petition for review denied; Apsel's petition for review allowed September 23, 1997 (326 Or 57)
See later issue Oregon Reports

ROSBORO LUMBER CO.,
*Respondent,*

*v.*

Gary APSEL
and Lynn Apsel,
husband and wife,
*Appellants.*

(16-93-04039; CA A83211)

932 P2d 110

George W. Kelly for motion.

G. David Jewett and Thorp, Purdy, Jewett, Urness & Wilkinson, P.C., *contra.*

Before Deits, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Defendants move for reconsideration of our opinion in *Rosboro Lumber Co. v. Apsel*, 144 Or App 298, 926 P2d 329 (1996), which affirmed the judgment of the trial court awarding damages to plaintiff to be paid by a specified date and time, and further awarding specific performance in the event that damages are not timely paid. Among other things, we held that defendants could not rely on plaintiff's innocent misrepresentations as to the amount of harvestable timber on defendants' property as a defense to plaintiff's breach of contract claims, because defendants failed to establish a right to rely on those representations. In particular, we held that defendants failed to offer any evidence "that it would have been unreasonably difficult for them to conduct their own investigation to determine harvestable timber on their own property." *Id.* at 304. Defendants contend that our opinion "fails to distinguish controlling [S]upreme [C]ourt case law" on the issue of whether they established a right to rely on plaintiff's representation as to the amount of harvestable timber on defendants' own property. The supposedly contrary authority consists of three cases: *Dahl v. Crain*, 193 Or 207, 237 P2d 939 (1951); *Dreifus Lumber Co. v. Werner*, 221 Or 467, 351 P2d 684 (1960); and *Heise v. Pilot Rock Lbr. Co.*, 222 Or 78, 352 P2d 1072 (1960). According to defendants, "[i]n the specific situation of a timber sale, the [S]upreme [C]ourt has consistently allowed a 'right to rely' without requiring a timber cruise" or other similar investigation by the owner of the land. We do not find any such rule in the cases cited.

At the outset, we note that, in their appellate brief, defendants did not cite any of the foregoing authorities for the proposition that they now assert. They cited one of the three cases for a different point of law and did not cite the other two at all. We do not encourage such practice, *see Bergman v. Holden*, 122 Or App 257, 260, 857 P2d 217, *rev den* 318 Or 170 (1993) ("Ordinarily, a contention not raised in the original brief will not be considered on reconsideration."), but address defendants' new arguments on reconsideration nevertheless, because we wish there to be no misunderstanding as to the case law that we have or have not ignored.

As we noted in our original opinion:

> "The Supreme Court held in *Soursby v. Hawkins*, 307 Or 79, 763 P2d 725 (1988), that innocent misrepresentation may support a claim for rescission of a real estate agreement if the party who relied on the misrepresentations of another establishes a right to have done so. The court described the right to rely as presenting ' "the question of the duty of the party to whom the representations have been made to use diligence in respect to those representations." ' *Id.* at 86, *quoting Johnson v. Cofer*, 204 Or 142, 150, 281 P2d 981 (1955). Whether the party exercised due diligence, the court said, depends on whether "'the prospective buyers have or can obtain equal means of information and are equally qualified to judge certain factors" surrounding the misrepresentation.' *Soursby*, 307 Or at 86, *quoting Miller v. Protrka*, 193 Or 585, 597, 238 P2d 753 (1952). Whether the parties 'have or can obtain equal means of information,' in turn, depends on whether it would be unreasonably difficult under the circumstances for the party to whom the representations have been made to perform an independent investigation. *Soursby*, 307 Or at 87."

*Rosboro Lumber Co.*, 144 Or App at 303-04.

None of the cases cited by defendants is to the contrary. In *Dahl*, a buyer with substantial logging experience offered to secure a timber cruise for both himself and the sellers. In those circumstances, in which the buyer assumed a position of agent of the seller, the court held that the buyer owed the seller a duty of full and complete disclosure and that the seller was justified in relying on the incomplete representations of the buyer as to the amount of harvestable timber on the seller's land. *Dahl*, 193 Or at 223. In other words, there was no need for the seller to conduct a timber cruise, because the buyer had agreed to do precisely that on the seller's behalf. That did not happen in this case.

In *Dreifus Lumber Co.*, it was the *seller* who misrepresented the quantity of timber on his own property. The court held that a buyer has the right to rely on the representations of the seller as to the nature of the property being sold. *Dreifus Lumber Co.*, 221 Or at 469-70. In contrast, in

this case it is the *buyer* of the timber who incorrectly estimated the amount of harvestable timber on the seller's property. *Dreifus Lumber Co.* simply did not address the extent to which a seller may rely on the representations of others about the nature of his or her own property.

Finally, in *Heise*, the buyer of timber conducted a timber cruise on behalf of both the buyer and the seller and then intentionally misrepresented to the seller the amount of harvestable timber. The court expressly noted the similarities between the facts of that case and those in *Dahl*. The court detailed its reasoning in *Dahl* and then quoted the portion of the opinion in which it had emphasized that, when the buyer undertook the cruise on behalf of both parties to the transaction, the seller was entitled to rely on the buyer's estimates without further inquiry. The court then commented that "[t]he same reasoning applies with equal force in this case." *Heise*, 222 Or at 91.

The same distinction also applies in this case: Unlike the buyers in *Dahl* and *Heise*, the buyer in this case did not act as defendants' agent. Instead, both buyer and sellers hired their own timber cruisers. Accordingly, defendants did not have the right to rely on the representations of the buyer without either exercising due diligence as to the extent of their own holdings or demonstrating that it would have been unreasonably difficult under the circumstances to do so.

Motion for reconsideration allowed; opinion adhered to.