**Nola R. WETTERMAN, Plaintiff,**

**v.**

**MONACO COACH CORPORATION, a Delaware corporation, and Guaranty RV, Inc., fka Guaranty Chevrolet Pontiac Oldsmobile, Inc., an Oregon Corporation, Defendants.**

**No. CIV. 00–6257–AA.**

United States District Court, D. Oregon.

Apr. 19, 2001.

Jerry C. Goodman, Jerry C. Goodman, P.C., Eugene, OR, for plaintiff.

Charles D. Carlson, Brown Roseta Long McConville, Kilcullen & Carlson, Eugene, OR, for defendant Guaranty RV, Inc.

William H. Martin, Gleaves Swearingen Larsen, Potter Scott & Smith, LLP, Eugene, OR, for defendant Monaco Coach Corporation.

## OPINION AND ORDER

AIKEN, District Judge.

This is an action for unlawful trade practices, fraud, breach of express and implied warranty, and breach of contract in connection with defendants' sale of a used motor home to the plaintiff. Plaintiff alleges that defendants sold her the motor home without disclosing hidden defects in its design, workmanship, and materials. Furthermore, defendants have not succeeded in repairing such defects, despite repeated efforts continuing through May 2, 2000. Plaintiff's alleged damages comprise loss of use and enjoyment, repair costs, and substitute transportation costs totaling not less than $866,463.70.

Plaintiff now seeks leave to file an Amended Complaint adding the allegation that an additional defect in the motor home is its 45-foot length, which exceeds length restrictions imposed by many states' departments of motor vehicles. According to plaintiff, defendants concealed the length restrictions, which deprive her of use and enjoyment of the vehicle. Defendants oppose the amendment.

## STANDARD

Under Fed.R.Civ.P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." The rule and relevant caselaw evince a "strong policy to permit the amending of pleadings." *Sweaney v. Ada County,* 119 F.3d 1385, 1392 (9th Cir.1997) (internal quotes and citations omitted). The court must weigh several factors when considering a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment. *Id.* (quoting *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 766 (9th Cir.1986)). "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton,* 845 F.2d 209, 214 (9th Cir.1988).

## DISCUSSION

Plaintiff's proffered amendment is futile. Oregon substantive law controls here. *See Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (state law controls in actions founded upon diversity jurisdiction, except in matters governed by the federal constitution or by acts of Congress). No Oregon law prohibits a properly licensed driver from operating or registering a 45-foot motor home. Also, plaintiff fails to provide authority for the proposition that sellers of recreational vehicles must disclose to potential buyers use restrictions employed by Oregon and every other state or territory. Plaintiff does not allege that the motor home's length was a *defect* per se, but rather that this aspect of the vehicle's design hindered plaintiff's plan to use the vehicle for nationwide travel.

With respect to sales transactions (primarily involving real estate), Oregon courts have long imposed upon purchasers a duty of due diligence or "requirement to investigate." *See, e.g., Soursby v. Hawkins,* 307 Or. 79, 86, 763 P.2d 725 (1988) ("A requirement to investigate arises when 'the prospective buyers have or can obtain equal means of information and are equally qualified to judge certain factors' surrounding the misrepresentation.") (quoting *Miller v. Protrka,* 193 Or. 585, 597, 238 P.2d 753 (1951)); *Murray v. Wiley,* 169 Or. 381, 405, 127 P.2d 112 (1942) ("[W]hatever is sufficient to put a subsequent purchaser on inquiry must be considered legal notice to him of those rights, and when the purchaser omits to observe that ordinary precaution he must be charged with a knowledge of all facts he might have learned by the exercise of reasonable diligence in making inquiry as to matters to which his attention has been directed."). *Soursby* also held that, "If the parties do not have equal knowledge of the facts and the speaker holds himself out as having a superior ability to make an accurate representation, reliance may be reasonable." *Soursby,* 307 Or. at 86, 763 P.2d 725. Furthermore, "[w]hen a requirement to investigate arises, it is limited to exercising 'reasonable diligence' or conducting a 'reasonable inquiry.' " *Id.* at 87, 763 P.2d 725 (quoting *Stevens v. American Sav. Institution, Inc.,* 289 Or. 349, 357–58, 613 P.2d 1057 (1980); *Miller v. Protrka,* 193 Or. at 598, 238 P.2d 753; *Fairbanks v. Johnson,* 117 Or. 362, 367, 243 P. 1114 (1926)).

■ Applying the rule stated in *Soursby,* even if defendants knew plaintiff intended to travel extensively in the motor home, plaintiff alone bore responsibility for determining whether the vehicle suited her needs. In plaintiff's proposed amendment, she does not allege that defendants assured her she could legally register or drive the motor home in all 50 states; instead, she asserts that she made her intentions clear (i.e., plan to drive cross-country) and that defendants "concealed" their knowledge of state laws prohibiting operation of a 45–foot motor home. Importantly, plaintiff does not allege that defendants "held themselves out" as having a "superior ability" [1] to determine whether the motor home complied with vehicle registration and operation laws. Therefore, plaintiff unreasonably relied upon defendants to apprise her of special rules applicable in some states. Also, plaintiff fails to allege that she exercised *any* diligence or conducted *any* inquiry to determine whether the motor home suited her needs. Given the complete lack of authority for the rule that motor home retailers must inform their customers of use restrictions, plaintiff's proposed amendment is futile.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to File Amended Complaint (doc. 15) is DENIED.

IT IS SO ORDERED.

---

1. The court in *Mitchell v. Chernecki,* 286 Or. 285, 292 n. 3, 593 P.2d 1163 (1979) "deliberately refuse[d] to declare a presumption that the owner or purchaser [of real property] has knowledge of the applicable zoning restrictions." Likewise, the law charges neither purchasers nor sellers of motor homes with the presumption of knowledge concerning licensing, operating, and registration restrictions.