Argued and submitted September 14, 1990, reversed on fraud claim; limitation on execution vacated; otherwise affirmed on breach of contract claim March 6, 1991

## William B. FRANK,
*Respondent,*

*v.*

## FITZ ENTERPRISES, INC.,
dba Star-Oilco,
*Appellant.*

(A8801-00293; CA A60972)

806 P2d 720

William F. Thomas, Portland, argued the cause and filed the briefs for appellant.

J. Bradford Shiley, Portland, argued the cause and filed the brief for respondent. With him on the brief was Des Connall, P.C., Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff owned what had been a gasoline service station. Defendant operates cardlock stations. Plaintiff contacted defendant's president, Fitz, and began negotiations with him. Defendant agreed to lease the property from plaintiff, who agreed to remodel and pay for converting the station to a cardlock operation; defendant agreed to finance the improvements.[1] The station opened, but it never reached the anticipated sales level of 15,000 gallons a month. The parties became embroiled in disputes, and defendant refused to provide the promised financing.

Plaintiff then brought this action for breach of contract and fraud, seeking to recover the cost of the improvements. The jury returned a verdict for $9,723.05 on the breach of contract claim and for $8,563.45 as general damages and $4,500 as punitive damages on the fraud claim. In response to the trial court's demand that he elect on which part of the judgment he would execute, plaintiff chose the fraud claim.[2]

Defendant assigns error to the trial court's submitting the issues of fraud and punitive damages to the jury and its denying defendant's motions for directed verdict and for judgment notwithstanding the verdict on the fraud claim. In order to establish fraud, plaintiff had to prove that defendant made a false representation. *Musgrave et ux. v. Lucas et ux.,* 193 Or 401, 410, 238 P2d 780 (1951). Plaintiff alleged two misrepresentations: Defendant promised to finance the improvements, and defendant falsely represented "that the commercial fueling facility would generate at least 15,000 gallons of sales per month."[3]

---

[1] Repayment was to be made by defendant's applying to plaintiff's debt the first $350 of each month's rent that it would owe to plaintiff, which would depend on the number of gallons sold. As the agreement actually worked, plaintiff paid for the improvements as they were made. Defendant was supposed to loan plaintiff the costs of the improvements after the station opened.

[2] An amended judgment was entered pursuant to ORS 19.033(4) when, after oral argument, we determined that the original judgment did not dispose of plaintiff's breach of contract claim or defendant's counterclaim. The amended judgment awarded the amount of the verdict on the contract claim but provided that "execution will not issue on said judgment." Although the damages awarded, even apart from punitive damages, were not identical, the parties make no issue about the discrepancy.

[3] Plaintiff also sought lost profits in each claim. Those were not submitted to the jury. In its reply brief, defendant claims that plaintiff's financing representation

The trial court instructed the jury that the fraud claim rested only on defendant's purported representation "concerning the amount of gallons per month that would be sold through the stations." It did not instruct the jury that the fraud claim was also based on defendant's purported representation about financing. Neither party objected to that instruction, under which the jury could not have considered the evidence about the financing agreement on the fraud claim. *See McPike v. Enciso's Cocina Mejicana, Inc.,* 93 Or App 269, 273, 762 P2d 315 (1988). We conclude that the issue of misrepresentation about financing was not put to the jury.

■ ■  We turn to whether the evidence about defendant's statement about prospective sales could constitute an actionable misrepresentation. There is no dispute but that, during negotiations, Fitz, as defendant's president, said that the facility would have minimum sales of 15,000 gallons a month. Expressions of opinion are not misrepresentations of fact, unless the parties are on unequal footing and do not have equal knowledge or means of knowledge. *Holland v. Lentz,* 239 Or 332, 397 P2d 787 (1964). Plaintiff contends that defendant's statement constituted a misrepresentation, because the parties are not equals. Defendant argues that plaintiff was not a naive businessman and could make his own assessment about the sales potential.

The parties were not on such an unequal footing as to make defendant's representation actionable. Plaintiff was an experienced businessman and initiated the negotiations for a station on his property. He had operated a business at the location and could have conducted the kind of market analysis that defendant used in estimating sales: surveys of nearby

---

allegations were tied to the improvement costs and that the sales representation allegations were tied to the lost profits claim. Therefore, defendant argues, because the claim for lost profits was not submitted to the jury, the damages awarded are not related to the misrepresentation about sales and, therefore, the jury's award cannot stand.

Defendant is correct that, to be recoverable, damages must have been caused by the misrepresentation. *See Criqui v. Pearl Music Company,* 41 Or App 511, 599 P2d 1177, *rev den* 288 Or 173 (1979). However, the parties and the trial court proceeded on the theory that a representation of monthly sales was material in inducing plaintiff to enter into the contract that resulted in plaintiff's incurring the cost of the station. Defendant did not challenge the causal link between the misrepresentation and the damages in its motion for directed verdict, and it cannot rely on that position on appeal. *See Vancil v. Poulson,* 236 Or 314, 388 P2d 444 (1964).

businesses and cardlock stations and traffic counts. Both parties were aware that it would be a new business and that any statement about sales could not possibly be grounded on performance history. The circumstances in which defendant's statement was made show that it was necessarily a guess as to what might be accomplished in the future. That does not amount to actionable fraud. *Federici et ux v. Lehman et al,* 230 Or 70, 83, 368 P2d 611 (1962); *see Peterson v. Auvel,* 275 Or 633, 552 P2d 538 (1976). Plaintiff's fraud claim should not have been submitted to the jury.

Our determination that the jury should not have been permitted to consider the fraud claim and that the judgment on that claim cannot stand does not affect the judgment on the breach of contract claim, which defendant has not challenged. The trial court's stated reason for not allowing execution on the judgment on the contract claim—to avoid plaintiff's receiving duplicate damages for the same injury—no longer pertains, if it ever did, and the limitation on execution is vacated.[4]

Reversed on fraud claim; limitation on execution vacated; otherwise affirmed on breach of contract claim.

---

[4] The validity of requiring the election or of the limitation on execution is not in issue.