70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary VAEFAGA, Plaintiff-Appellant,
v.
OREGON STEEL MILLS, INC., a Delaware Corporation, Defendant-Appellee
 No. 94-35705.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Nov. 17, 1995.
 
 Before: J. CLIFFORD WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Mary Vaefaga brought an action against her former employer, Oregon Steel Mills (OSM), for violations of 42 U.S.C. Sec. 2000(e), O.R.S. Sec. 659.030, common law wrongful discharge, and intentional infliction of emotional distress. The district court granted OSM's motion for summary judgment, alleging that Vaefaga was precluded from bringing the action because she had previously entered into a settlement with OSM. We affirm.
 
 I. O.R.S. Sec. 657.300
 
 3
 Vaefaga contends that the provisions of the settlement agreement require that OSM withhold material facts from the Employment Division. Because O.R.S. Sec. 657.300 prohibits employers from intentionally failing to report material facts to the division, Vaefaga maintains that the agreement is thus void as against Oregon public policy.
 
 
 4
 OSM, however, merely agreed to contest neither the application nor the receipt of benefits; the agreement says nothing about the provision of information to the Division. Moreover, since the release provides that "the terms of the separation and agreement will not be disclosed except as necessary to implement the terms of the agreement," (emphasis added), there is clearly no blanket prohibition on communications with the Employment Division regarding Vaefaga's termination of employment. To the extent that OSM would be required to provide information to the Division regarding Vaefaga's departure in order to facilitate the processing of her application, the agreement clearly does not prohibit such disclosure. Accordingly, we affirm the district court's ruling that the release does not violate O.R.S. Sec. 657.300.
 
 II. O.R.S. Sec. 17.075
 
 5
 Vaefaga further argues that the agreement violates O.R.S. Sec. 17.075, which regulates negotiations between employers and employees suffering from personal injuries. However, because Vaefaga was terminated effective November 7, she was not an employee when the release was first sent to her on November 13. The agreement thus does not violate O.R.S. Sec. 17.075.
 
 
 6
 III. FEDERAL AND STATE MISREPRESENTATION CLAIMS
 
 
 7
 Finally, Vaefaga contends that OSM obtained her consent to the settlement through material misrepresentations of fact and law. In Stroman v. West Coast Grocery Co., 884 F.2d 458 (9th Cir.1989), cert. denied, 498 U.S. 854 (1990), this court held that a waiver of Title VII rights will be upheld only if it is "voluntary, deliberate and informed"; moreover, the court detailed those factors that would determine whether a waiver meets those conditions: "Of primary importance in [the] calculation is the clarity and lack of ambiguity of the agreement, ... the plaintiff's education and business experience, 'the presence of a noncoercive atmosphere for the execution of the release,' and whether the employee had the benefit of legal counsel." 884 F.2d at 462 (citations omitted).
 
 
 8
 While there is no dispute as to the clarity of the agreement, Vaefaga argues that since Cogdill allegedly misrepresented both the unemployment benefits process and her chances of success through that process, there is a genuine question of fact as to whether her assent to the release was voluntary. However, assuming Cogdill's representations to be false, there is nothing in the record to demonstrate that they rose to the level of being coercive, or that Vaefaga was under the type of economic duress that would justify invalidating the release. See Gruver v. Midas Intern. Corp., 925 F.2d 280, 282 (9th Cir.1991) (to make prima facie case of economic duress, plaintiff must show wrongful acts or threats, financial distress caused by those acts, and absence of any reasonable alternative to terms presented by the wrongdoer).
 
 
 9
 Neither are Vaefaga's state law claims persuasive. Oregon courts have held that statements of opinion can be actionable misrepresentation if the parties are on unequal footing, see, e.g., Holland v. Lentz, 397 P.2d 787, 795 (Or.1964) (statements of opinion can be actionable misrepresentation if parties are on unequal footing); Frank v. Fitz, 806 P.2d 720, 721 (Or.Ct.App.1991) (same). However, even if Vaefaga has some difficulty in reading and comprehending information as she now claims, she does have some experience in business matters; OSM presented as evidence her employment application, in which she states that she previously owned two businesses. Thus, even though Cogdill may be more experienced in the unemployment benefit process than Vaefaga, she is clearly not so "lacking in common understanding" that Cogdill's statements would rise to the level of being actionable misrepresentations. Holland, 397 P.2d at 795. Accordingly, there was "no such disparity between the knowledge and means of knowledge of the respective parties as to take the case out of the general rule that expressions of opinion ... are not actionable." Id. See also Frank, 806 P.2d at 721-22 (where plaintiff was an experienced businessman who initiated the negotiations for a new business, the defendant's opinions about prospective sales were not actionable).
 
 
 10
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3