Argued November 25, 1958, reversed and remanded
January 14, 1959

# SORENSON ᴇᴛ ᴜx *v.* GARDNER ᴇᴛ ᴜx
334 P. 2d 471

*Thomas A. Huffman,* Hillsboro, argued the cause for appellants. On the brief were Beattie, Hibbard & Caldwell, Oregon City, and Schwenn & Brink, Hillsboro.

*Leroy B. Skousen,* Portland, argued the cause for respondents. On the brief were George C. Reinmiller, Portland, and Joseph O. Stearns, Portland.

Before PERRY, Chief Justice*, and LUSK, WARNER and SLOAN, Justices.

LUSK, J.

This is an action for deceit in which the plaintiffs recovered a judgment for $2,000 and the defendants have appealed.

---

\* Chief Justice when case was argued.

The action grows out of the sale of a dwelling house in Oswego, Clackamas County, Oregon, by Arthur Tillen and his wife, the then owners, to the plaintiffs, and is based upon false representations relative to the construction of the house alleged to have been made by the defendants to the plaintiffs and upon which they relied and which induced them to make the purchase. The defendant, Charles D. Gardner, built the house in question but had sold it, and at the time that the plaintiffs purchased it he and his wife were living in a house on adjoining property. The complaint alleges that the defendants falsely represented to the plaintiffs that the house was well constructed in a workmanlike manner and met all minimum code requirements, particularly with respect to electric wiring, plumbing, septic tank and sewage disposal arrangement, and that the well was properly constructed and with the existing pump would deliver 950 gallons of pure water per hour and would meet all health standards and building code requirements. The plaintiff introduced evidence in support of these allegations and evidence tending to show that the representations were false.

There are two assignments of error. The first is directed to the court's denial of the defendant's motion for a directed verdict which was based upon the grounds, first, that the evidence fails to show that the representations were false or made recklessly without knowledge of the truth, or that they were made with the intention that they should be acted upon by the plaintiffs, and, second, that the defendants were third parties with no interest in the transaction.

■ In support of the first ground of the motion, it is argued that the misrepresentations alleged are mere expressions of opinion or representations of law and

therefore not actionable. This may be true of the representation that the house was well constructed in a workmanlike manner; see *Horner v. Wagy,* 173 Or 441, 455-457, 146 P2d 92; but the representation that the well with the existing pump would deliver 950 gallons of water per hour is one of fact.

■ With respect to the other charges in the complaint, it is a general rule that fraud can not be predicated upon misrepresentations of law or misrepresentations as to matters of law. 23 Am Jur 809, Fraud and Deceit § 45. Thus, misrepresentations concerning the legal effect of an instrument have been held to be not actionable. *Ball v. Associated Oil Company,* 151 Or 383, 389, 50 P2d 125; *McFarland v. Hueners,* 96 Or 579, 589, 190 P 584; *Wicks v. Metcalf,* 83 Or 687, 163 P 434, 163 P 988, LRA 1918A 493. The reason usually given for the rule is that every one is presumed to know the law, and therefore misrepresentations as to the legal effect of a particular instrument and the like are regarded as mere expressions of opinion; *McFarland v. Hueners,* supra; *Baldock v. Johnson,* 14 Or 542, 548, 13 P 434; though, as Dean Prosser says: "* * * two reasons have been repeated, sometimes in the same decision: first, that every man is presumed to know the law, and hence the plaintiff cannot be heard to say that he reasonably believed the statement made to him; and second, that no man, at least without special training, can be expected to know the law, and so the plaintiff must have understood that the defendant was giving him nothing more than an opinion." Prosser, Torts (2d ed) 559-560, § 90. The basis of the rule has been criticized by courts and textwriters. See *Rosenberg v. Cyrowski,* 227 Mich 508, 198 NW 905; *Stark v. Equitable Life Assurance Society,* 205 Minn 138, 285 NW 466, 469; 32 Col L Rev 1019; 15 Tex L Rev 409.

See, also, 5 Williston, Contracts (rev ed) §§ 1494, 1495. And, as far back as 1887, this court said of the analogous question of the distinction between mistake of law and of fact that many of the cases come so near the border line that the point of demarcation is not always apparent. *Baldock v. Johnson,* supra.

The rule of the Restatement of Torts upon this subject is as follows:

> "§ 545. MISREPRESENTATION OF LAW.
>
> "(1) If a representation as to a matter of law in a business transaction is a representation of fact the recipient is justified in relying upon it to the same extent as though it were a representation of any other fact.
>
> "(2) If the representation as to a matter of law in a business transaction is a representation of opinion as to the legal consequences of facts known to the maker and the recipient or assumed by both to exist, the recipient is justified in relying upon it to the same extent as though it were a representation of any other opinion as stated in §§ 542, 543."

In the comment on Subsection (1) of the foregoing, it is said, "If a representation concerns the legal effect of facts not disclosed or not otherwise known to the recipient, it may justifiably be interpreted as implying that there are facts which substantiate the statement * * *. So, too, the assertion of title to a particular tract of land asserts the existence of those conveyances or relationships which are necessary to vest the title in the alleged owner. On the other hand, if all the facts believed by the maker to exist are stated to the recipient or otherwise known by him and from these facts the maker of the representation asserts that title vests in the person in question as a legal consequence, the representation is an expression of opinion and the case falls within Subsection (2)."

■ This court gave adherence to the essence of the rule of the Restatement when it approved the statement in 20 Cyc 18 that an expression of opinion by one having superior knowledge "may amount to an implied assertion that he knows facts which justify his opinion, and thus his statement may become actionable as a false statement of fact." *Boelk v. Nolan,* 56 Or 229, 237, 107 P 689. An instructive case upon the subject is *Seeger v. Odell,* 18 Cal2d 409, 115 P2d 977, 136 ALR 1291, in which the court stated the rule thus: "If, however, the opinion or legal conclusion misrepresents the facts upon which it is based or implies the existence of facts which are non-existent, it constitutes an actionable misrepresentation." See Annotation, 136 ALR 1299.

Here we are dealing with a number of alleged misrepresentations to the effect that the house in question complied with the minimum requirements of state law. For illustration, it is alleged that the defendants represented to the plaintiffs "that the plumbing was adequate and complied with all the building code requirements and was properly vented as required by said code." The statute, ORS 447.110 and 447.120, contains specific provisions as to vents, their size, location, the material of which they shall be made, etc. There was evidence that in certain particulars the requirements of the code were not met, and evidence from which the jury could find that the defendants knew and the plaintiffs did not what the facts were in this regard. Under the rule as formulated by the Restatement, had the plaintiffs been aware of these facts and had the defendants represented to them that the facts as so known constituted a compliance with the law, then the misrepresentation in question would have been one of law and not of fact. But, the plaintiffs

being ignorant of the facts, the representation in the circumstances was one of fact and the case is covered by Subsection (1) of Section 545 of the Restatement of Torts. This is not a case to which the maxim that ignorance of the law excuses no one can be applied. The plaintiffs are not relying on their ignorance of the law but of the facts, and the alleged representations carried with them the implication that the facts were otherwise than the evidence shows them to have been. They concerned "the legal effect of facts not disclosed or otherwise known to the recipient."

The only cases which have come to our attention involving representations similar to those in the instant case are *Mullin v. Rousseau*, 112 CalApp 719, 297 P 944, and *Finch v. McKee*, 18 CalApp2d 90, 62 P2d 1380, both decisions of district courts of appeals of California. The former case held that the representations were not actionable, while the latter ruled to the contrary.

■ Our own conclusion, which accords with the rule of the Restatement, is that such representations may, and in this case do, relate to matters of fact. Therefore, the contention of the defendants in support of the first ground of the motion for a directed verdict can not be sustained.

■■ The other ground of the motion, namely, that the defendants were third parties without any interest in the transaction, is ruled by *Boord v. Kaylor*, 100 Or 366, 375, 197 P 296, where this court quoted with approval the following statement of the law from 20 Cyc 43: "While in a majority of cases defendant has been a gainer by reason of his fraud, it is not essential to his liability that he should obtain any benefit or advantage from the transaction into which he has led plaintiff." This decision was followed in *Boord v.*

*Kaylor,* 114 Or 62, 66, 234 P 263. See, also, Prosser, Torts (2d ed) 538, § 88; *Pasley v. Freeman,* 3 TR 51, 100 Eng Rep 450 (KB 1789); 37 CJS 297, Fraud § 44, and cases there cited. The questions whether the representations were made with knowledge of their falsity and with the intention that they should be relied on by the plaintiffs and whether the plaintiffs were induced by them to purchase the property were for the jury.

The second assignment of error is based upon an instruction given by the court on the measure of damages. The instruction is as follows:

"I instruct you that the measure of general damages in this case, if any, is the difference between the reasonable market value of the property in question in light of the condition in which it was represented by the defendants to the plaintiffs to be and the reasonable market value of such premises as they actually existed, both figures to be computed as of the date of the purchase of said premises by the plaintiffs. In this regard and in determining the reasonable market value of said premises as represented by the defendants, you may only take into consideration those representations claimed by the plaintiffs to have been made by the defendants and proven to you to have been so made under the rules previously given to you.

"In other words, if you get to the question of damages, you will have two figures to determine: One is the reasonable market value of the property as you may find that it was represented to be at the time that the sale was consummated; you will take that figure and deduct from that the reasonable market value of the property as it actually existed at the time of the sale. In determining the reasonable market value of the property as it was represented to be by the defendants to the plaintiffs, you will consider only those representations

which you find were made by the defendants to the plaintiffs which have been proven under the rules that I have given to you.

"For the purpose of determining the values above described, you may consider the reasonable cost of making such repairs or alterations in the premises in question as may be proven to you to be necessary for the purpose of bringing said premises from their actual condition at the time of the sale to the plaintiffs to the condition in which said premises were by the defendants represented to be."

The foregoing instruction embodies what is known as the "benefit of the bargain rule." See *Selman v. Shirley,* 161 Or 582, 85 P2d 384, 91 P2d 312, 124 ALR 1. Defendants contend that this is not the correct rule in this case.

■ No exception to the instruction on the ground now urged was taken by counsel for defendants. They have attempted to raise the question by assigning as error the court's denial of their motion for a new trial, based on the giving of the instruction. That, of course, is not the proper method for obtaining appellate review of an error in instructions. Nevertheless, the error was so palpable and so prejudicial to the rights of the defendants that we consider it our duty to notice it under the authority reserved to this court by rule 50 of the rules of the supreme court.[1] See *Kuhnhausen v. Stadelman,* 174 Or 290, 309-312, 148 P2d 239, 149 P2d 168.

■ In *Selman v. Shirley,* supra, we held that in an action for deceit the benefit of the bargain rule may be applied as the correct measure of damages where

---

[1] In appeals in actions at law no alleged error of the circuit court will be considered by this court unless regularly assigned as error in the appellant's opening brief, except that this court reserves the right to take notice of an error of law apparent on the face of the record. * * *.

the facts justify it. Under that rule, the measure of the damages sustained by the purchaser where a purchase has been induced by fraud is the difference between the real value of the property purchased and the value which it would have had if it had been as represented. It is not an exclusive rule, but one to be flexibly applied as the circumstances of the case may demand. *Selman v. Shirley,* supra at 607-608. See, also, *Horner v. Wagy,* supra at 444-449. In numerous Oregon cases this court has applied the out of pocket loss measure of damages, that is to say, the difference between the real value of the property and the price which the purchaser was induced to pay. See, e.g., *Castleman v. Stryker,* 107 Or 48, 213 P 436. The reason why this rule is considered inadequate at times is stated in Sutherland on Damages (4th ed), § 1172, quoted with approval in *Selman v. Shirley,* supra at page 606:

> "As said by Mr. Justice Gray, 'to allow the plaintiff only the difference between the real value of the property and the price which he was induced to pay for it would be to make any advantage lawfully secured to the innocent purchaser in the original bargain inure to the wrong-doer; and, in proportion as the original price was low, would afford a protection to the party who had broken, at the expense of the party who was ready to abide by, the terms of the contract.' The amount paid is evidence of the value, but on principle and according to the general course of decision is not conclusive of the value as it was represented to be."

Otherwise stated, the theory behind the benefit of the bargain rule is that if fraudulent representations constitute a warranty also, recovery may be had on that basis. *Selman v. Shirley,* supra at page 607; 5 Williston on Contracts (rev ed) § 1392; Restatement of

Torts, § 549, comment g. p 116. Obviously, in a case like this there is no warranty and no advantage which would inure to the wrongdoer, because there is no contract between the purchaser and the maker of the representations. Thus, the reason for the rule is absent and the rule is, therefore, not applicable, where, as in this case, the person charged with fraudulent misrepresentations is not the seller of the property, has no interest in the transaction, is not a party to the bargain, but a disinterested third party. It was so decided in *Macdonald v. Roeth,* 179 Cal 194, 176 P 38. The case involved two sales of stock, one directly by the defendants to the plaintiff, the other by a third party to the plaintiff. In each instance the defendants were charged with making false representations which induced the sale. The court, after holding that it was proper to apply the benefit of the bargain rule to the former sale, held that it was reversible error to apply it to the transaction in which the stock was purchased from a third party and not from the defendants. With respect to the latter transaction, the court said: "As to these defendants, therefore, he [the plaintiff] had no bargain to the benefit of which he was entitled."

■ Plaintiffs' measure of damages, if they suffered any, was the difference between the purchase price and the true market value of the property purchased. *Ward v. Jenson,* 87 Or 314, 317, 170 P 538. The judgment in this case could only be affirmed by closing our eyes to the fundamental error which underlies it, for not only were the jury given a wrong rule for measuring damages, but there is no evidence which would have enabled them to apply the right rule and none which would support a judgment in any amount. The price which the plaintiffs paid for the property was not shown. For all that appears, the property was

worth every cent they paid, and if that be the case they suffered no loss and have no cause of action against the defendants. *Castleman v. Stryker,* supra. To correct so manifest an error and obviate the probability of a miscarriage of justice, we must reverse the judgment and remand the cause for a new trial.

The court submitted to the jury a demand for punitive damages in the complaint, but the jury disallowed the claim. There was no evidence which would have justified an award of punitive damages. On another trial the jury might not be so wise, and the issue should be withdrawn by the court.

Reversed.