Argued July 12, affirmed October 4, 1967

# LACKEY ET AL, *Respondents, v.* ELLING-SEN ET UX, *Appellants.*

432 P. 2d 307

*Charles A. Telfer,* Grants Pass, argued the cause for appellants. On the briefs were Johnson, Telfer & Sloan, Grants Pass.

*R. Gene Smith,* Grants Pass, argued the cause for respondents. With him on the brief was Gene L. Brown, Grants Pass.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and HOLMAN, Justices.

DENECKE, J.

Plaintiffs brought this action for damages for misrepresentation of the condition of the roof of a motel purchased from defendants. The action was tried without a jury, the court awarded plaintiffs damages, and defendants appeal.

The defendants contend that there was no evidence to support plaintiffs' cause of action and that the evidence was conclusive in support of their affirmative defense. This being a law action, if there was any evidence supporting plaintiffs' cause of action or contradicting defendants' affirmative defense, there is no error.

Plaintiffs alleged in their complaint that the defendants represented "that the roof on the motel was in excellent condition and that there was a five-year warranty covering same." There was evidence that when plaintiffs were inspecting the motel while negotiating they noticed evidence of water leakage in the rooms and inquired of defendants. Defendants responded that the roof was in good condition, as good

as new, that it had been recoated the previous year, and was guaranteed for five years. This occurred about June 1, 1963.

There was evidence that defendants had had trouble with roof leakage. They had asked a builder to inspect the roof. The builder reported that a new roof was necessary. The defendants had the roof recoated in the fall of 1962. The guarantee related to the materials used and not the roof. The court found, and there was evidence to support its finding, that the roof continued to leak and the defendants were continuously patching it during the spring of 1963.

■ Defendants contend the representations that the roof was in "good" condition, "like new," etc., are statements of opinion and, therefore, not actionable. However, statements of opinion are actionable if made "where the parties are not on an equal footing and do not have equal knowledge or means of knowledge." *Holland v. Lentz*, 239 Or 332, 345, 397 P2d 787 (1964). The defendants had special knowledge and, therefore, their opinions are actionable.

■ Defendants also assert that the representation of the warranty was a representation of a matter of law and, therefore, not actionable. The misrepresentation that a five-year warranty on the roof had been given is, in the context here present, to be regarded as a misrepresentation of fact. The distinction is explained in *Sorenson v. Gardner*, 215 Or 255, 259-262, 334 P2d 471 (1959). The release cases, although involving rescission rather than actions for damages, illustrate this distinction. For example, *Whitehead v. Montgomery Ward & Co., Inc.*, 194 Or 106, 120, 239 P2d 226 (1952).

■ The trial court found that despite the above evi-

dence, the defendants "thought" the roof was adequate. However, the trial court further found that in making the misrepresentations the defendants acted recklessly without knowing whether the statements were true or false. This is an inference supported by the record and establishes the necessary intent. *Holland v. Lentz,* supra (239 Or at 340).

There was evidence supporting the trial court's finding that the elements of fraud were present.

The defendants affirmatively alleged that the plaintiffs, after learning that the roof was not in the condition represented, entered into a new agreement with defendants regarding the roof and thereby waived any right to damages for any initial misrepresentation.

The evidence is that the parties executed the sales agreement on June 12, 1963. The agreement called for an exchange of certain properties and for the plaintiffs to pay defendants $30,000 and deliver a promissory note. The agreement was contingent upon the purchasers securing a loan within 15 days. Possession was to pass when title policies were issued.

Plaintiffs took possession on June 22, 1963. A heavy rain fell on the twenty-eighth and the roof leaked badly. Plaintiffs shortly thereafter learned there was no warranty on the roof. Plaintiffs notified the defendants and asked that they have it repaired and that a new roof be put on, all at the cost of defendants. Defendants refused to put on a new roof, but said they would have it repaired. The defendants had repairs done in the summer of 1963. In early October the roof repairers came to stop more leaks. There were more leaks the latter part of that month and plaintiffs refused to permit more repairs.

They thereafter employed another roofer to put on a new roof.

During the summer of 1963, after the condition of the roof became known, the exchange of properties, payments of money and delivery of note, which were all required by the sales contract, were completed.

■ The defendants rely upon the proposition, "where a person who claims that he has been defrauded enters into a new contract in respect of the alleged fraudulent transaction after he knows that he has been deceived he waives his right to maintain an action for the alleged fraud." *Holland v. Lentz,* supra (239 Or at 343).

■ It is immaterial whether the contract is executory. The question is, what was the intention of the parties when, in response to plaintiffs' complaint, defendants offered to repair the roof? The trial court specifically found there was no intention to form a new contract and, in effect, to erase the consequences of the misrepresentation. Rather, the court found that the plaintiffs accepted defendants' offer as an attempt by defendants to make good the condition represented by defendants.

We held in *Holland v. Lentz,* supra (239 Or at 343) : "But this rule [above quoted] cannot be applied to this case as a matter of law because the evidence of the plaintiffs as to the circumstances attending the making of the new agreement renders uncertain the intention of the plaintiffs when they accepted the concession offered by the defendant." In the present case the trier of fact found the plaintiffs' intention was not to make a new contract and there is evidence to support that finding.

Affirmed.