Suzanne M. TRAVIS, Candace Duncan, Lisa Maddocks, and Kathrine Clark, Plaintiffs,

v.

Allan F. KNAPPENBERGER, Defendant.

Delphine Kennedy–Walker, Plaintiff,

v.

Allan F. Knappenberger, Defendant.

Nos. CV 00–393–HU, CV 00–1391–HU.

United States District Court, D. Oregon.

Aug. 22, 2001.

Craig A. Crispin, Shelley D. Russell, Crispin & Associates, Portland, OR, for Plaintiffs.

Paul C. Buchanan, Sharon A. Hill, Stoel Rives LLP, Portland, OR, for Defendant.

## OPINION AND ORDER

REDDEN, District Judge.

Magistrate Judge Hubel filed his Findings and Recommendation on June 14, 2001, granting in part and denying in part defendant's motion to dismiss parts of the Fourth Amended complaint in the Travis case (00–393) and parts of the Amended Complaint in the Kennedy–Walker case (00–1391). The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. Review by the district court of the magistrate judge's determination is *de novo.* 28 U.S.C. § 636(b)(1)(C).

Plaintiffs have filed a timely objection to Magistrate Judge Hubel's Findings and Recommendation, and defendant has responded to the objection. I have reviewed the file of this case.

I agree with Magistrate Judge Hubel's conclusion that the discovery rule does not save Kennedy–Walker's gross negligence claim from being barred by the statute of limitations, because the discovery rule applies only to facts and not to the discovery of a legal basis for a claim. Kennedy–Walker's gross negligence claim must be dismissed with prejudice.

The same rationale applies to the fraud claims of Kennedy–Walker, Duncan, and Maddocks. I agree with Magistrate Judge Hubel that there were no facts related to the fraud claims that remained undiscoverable until within the limitations period, even though plaintiffs may have not recognized at that point that the facts they knew amounted to a possible legal claim.

Therefore, I ADOPT the Magistrate Judge's Findings and Recommendation (doc. 72) that defendant's motion to dismiss (doc. 57) be granted in part and denied in part as follows: (1) the motion is granted with prejudice as to the Employer Liability Act claim, Kennedy–Walker's gross negligence claim,

Kennedy–Walker's, Duncan's, and Maddocks' fraud claims, and Kennedy–Walker's overtime claim under Or.Rev.Stat. § 653.055; (2) the motion is granted without prejudice as to the wage claim under Or.Rev.Stat. § 652.150; and (3) the motion is denied as to Travis' and Clark's fraud claims.

IT IS SO ORDERED.

## FINDINGS & RECOMMENDATION

HUBEL, United States Magistrate Judge.

Plaintiffs Suzanne Travis, Candace Duncan, Lisa Maddocks, Kathrine Clark, and Delphine Kennedy–Walker bring these employment actions against defendant Allan Knappenberger. Defendant moves to dismiss parts of the Fourth Amended Complaint in the Travis case (00–393) and parts of the Amended Complaint in the Kennedy–Walker case (00–1391). I recommend that the motion be granted in part and denied in part.

## BACKGROUND

Plaintiffs are either employees or former employees of defendant, having worked as legal secretaries or as legal assistants. Plaintiffs allege that although defendant represented to each plaintiff that she was engaged as an independent contractor, defendant created an employment relationship with each plaintiff by retaining the right to direct and control all work performed by plaintiffs, by furnishing all equipment and supplies necessary for plaintiffs to perform their duties, by compensating plaintiffs on the basis of an hourly wage, and otherwise treating them as employees. As a result, plaintiffs contend, defendant should have paid plaintiffs overtime wages and paid pension, profit sharing, and 401(k) contributions on plaintiffs' behalf. Defendant's failure to perform these acts provides the basis for many of plaintiffs' claims. Additionally, Travis and Clark contend that defendant engaged in several retaliatory acts in response to plaintiffs' allegations and in response to the filing of this lawsuit. Other pertinent allegations are discussed below in the context of specific claims.

## STANDARDS

Defendant's motions are brought pursuant to Federal Rules of Civil Procedure 9(b) and 12, depending on the claim.

### I. Rule 9(b)

Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). To satisfy Rule 9(b),

> "a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."

*Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir.1997) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir.1994) (en banc)) (emphasis in *GlenFed*).

### II. Rule 12

On a motion to dismiss under Rule 12(b)(6), the court must review the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court should construe the complaint most favorably to the pleader:

> In evaluating the sufficiency of the complaint, we follow, of course, the accepted rule that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The allegations of material fact must be taken as true. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir.1994).

## DISCUSSION

### I. Travis's Employer Liability Act Claim

■ In the October 6, 2000 Findings and Recommendation issued in the case regarding the Travis plaintiffs' Third Amended

Complaint, I dismissed Travis's and Clark's claims under Oregon's Employer Liability Act, Oregon Revised Statutes § (O.R.S.) 654.305—654.335 (ELA). There, I determined that the work performed by Travis and Clark did not fall within the ELA's purview. I concluded that "allegations stating only that plaintiffs' employment at defendant's office involved a risk or danger of injury, are insufficient to sustain an ELA claim." Oct. 6, 2000 F & R at p. 16. I further concluded that

> [a]bsent some specific allegations indicating that an injury occurred outside of the ordinary, everyday risks seen in an office environment, plaintiffs' claim cannot survive. I note that even the hypothetical facts raised by plaintiffs during oral argument, including moving heavy boxes, overuse of a computer, or flipping electrical switches to turn on lights and office power, are not inherently dangerous within the meaning of the ELA. I recommend that plaintiffs' ELA claim be dismissed without prejudice, with leave to replead, if possible, an inherently or uncommonly dangerous activity occurring in the office environment.

*Id.*

In his Opinion and Order adopting the Findings and Recommendation, Judge Redden stated that he was "also unpersuaded by the argument that the potential for overuse injuries in a legal secretary and a legal assistant could justify regarding their jobs as so inherently or uncommonly dangerous as to fall within the [ELA]." Dec. 13 Op. & Ord. at p. 2.

In the Fourth Amended Complaint (FAC), Travis again brings an ELA claim. She alleges that the work involved in her employment involved a risk or danger of injury, including overuse injuries. FAC at ¶ 62. She further alleges that defendant employed her in a position that "routinely involved exposure to musculoskeletal disorders by requiring plaintiff to ... constant[ly] use ... a keyboard and/or mouse without sufficient breaks or interruption." *Id.* at ¶ 63. She then alleges that her position "required her to perform a dangerously high volume of typing at an extremely rapid pace for up to 10 hours per day." *Id.* at ¶ 64.

Relying on the arguments made in the motion to dismiss the previous ELA claim, and on the reasoning in the October 6, 2000 Findings and Recommendation and Judge Redden's Opinion and Order, defendant moves to dismiss this claim with prejudice for failure to state a claim for which relief can be granted. I agree with defendant.

Travis's allegations amount to nothing more than an overuse injury. While such an injury can be serious, as Judge Redden and I have both previously explained, the allegations do not support an ELA claim. I recommend that Travis's ELA claim be dismissed with prejudice.

## II. Kennedy–Walker's Gross Negligence Claim

Defendant makes two arguments against Kennedy–Walker's gross negligence claim: (1) the claim is barred by the statute of limitations, and (2) Kennedy–Walker fails to state a claim.

### A. Statute of Limitations

Kennedy–Walker alleges that she was employed as a legal assistant by defendant from July 1997 through March 1998 and that defendant was grossly negligent in failing to classify her as an employee. Am. Compl. at ¶¶ 8, 37–39. Defendant argues that because the alleged duty is based entirely on the alleged employment relationship between Kennedy–Walker and defendant, no duty could have existed past March 1998, which was more than two years before the original complaint was filed on October 12, 2000. *See* O.R.S. 12.110(1) (providing two-year statute of limitations for most tort claims).

In response, Kennedy–Walker argues that she did not discover this claim until March 2000 and her original complaint, filed October 12, 2000, is therefore within the statute of limitations. Kennedy–Walker has affirmatively pleaded that she "acquired knowledge of defendant's failures and omissions in or around March 2000." Am. Compl. at ¶ 40.

■ Under the discovery rule, a claim does not accrue, and the time period in which

notice must be given does not begin to run, until the plaintiff discovers, or reasonably should have discovered, (1) her injury; (2) the cause of the injury; and (3) the identity of the tortfeasor. *Flug v. University of Or.*, 170 Or.App. 660, 672, 13 P.3d 544, 551 (2000). In *Gaston v. Parsons*, 318 Or. 247, 864 P.2d 1319 (1994), the court stated:

> To discover a particular element of legally cognizable harm, the plaintiff does not need to know to certainty that each particular element exists. The discovery rule is designed to give plaintiffs a reasonable opportunity to become aware of their claim. Actual knowledge that each element is present is not required. On the other hand, a mere suspicion is insufficient to begin the statute of limitations to run. We believe that a quantum of awareness between the two extremes is contemplated by the statute. Therefore, the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care should have known facts which would make a reasonable person aware of a substantial possibility that each of the three elements (harm, causation, and tortious conduct) exists.

*Id.* at 255–56, 864 P.2d at 1323–34 (citation omitted).

Defendant argues that Kennedy–Walker's attempt, through her pleading of the discovery rule, to circumvent the statute of limitations must fail because her alleged injuries were inherently discoverable at the time the injuries allegedly were incurred. Defendant contends that the harm Kennedy–Walker allegedly suffered and the conduct she claims is tortious were known to her at the time of their occurrence, which, according to other allegations in the Amended Complaint, occurred before March 1998. Moreover, defendant argues, the injuries she claims to have suffered (defendant's failure to withhold income and employment taxes), would have been immediately apparent upon receipt of her first paycheck. Thus, defendant argues, all Kennedy–Walker needed to know to discover a basis for her claim was openly before her at the time of the alleged wrongful conduct and the discovery rule should not toll the statute of limitations in such circumstances. I agree with defendant.

Here, Kennedy–Walker knew of the facts supporting her gross negligence claim immediately upon their occurrence. She knew that defendant was responsible for the acts, she knew that she was classified as an independent contractor, and she knew that this affected her withholdings and other wage-related matters. The only thing she did not appreciate was that defendant's conduct amounted to, allegedly, a legal wrong.

■ As the Oregon Supreme Court has previously explained, the statute of limitations does not begin to run until the plaintiff knows or, in the exercise of reasonable care, should know "every *fact* which it would be necessary for the [plaintiff] to prove ... in order to support his [or her] right to judgment." *United States Nat'l Bank v. Davies*, 274 Or. 663, 666–67, 548 P.2d 966, 968 (1976) (emphasis added) (internal quotation omitted); *see also Gaston*, 318 Or. at 256, 864 P.2d at 1324 ("the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care should have known *facts* which would make a reasonable person aware of a substantial possibility that each of the three elements (harm, causation, and tortious conduct) exists.") (emphasis added). As indicated above, Kennedy–Walker knew all of the relevant facts necessary to support her claim.

■ The running of the statute of limitations is delayed by the discovery rule while the *facts* of the wrong remain unknowable, but the statute of limitations is not tolled if only the legal theory is unknown. *Catrone v. Thoroughbred Racing Ass'ns of N. Am., Inc.*, 929 F.2d 881, 885 (1st Cir.1991) (applying Massachusetts law); *see also Salazar v. American Sterilizer Co.*, 5 P.3d 357, 362 (Colo.Ct.App.2000) (focus of discovery rule is on plaintiff's knowledge of facts rather than the discovery of applicable legal theories); *Peterson v. Multnomah County Sch. Dist. No. 1*, 64 Or.App. 81, 86–88, 668 P.2d 385, 389–90 (1983) (acknowledging defendant's argument that the discovery rule did not apply because the only thing plaintiff failed to discover within the limitations period was a legal theory but rejecting the argument be-

cause of court's conclusion that facts, not legal theories, were undiscoverable). Perhaps the concept is best expressed with this statement by the Washington Supreme Court:

> [t]he key consideration under the discovery rule is the factual, not the legal, basis for the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action. Were the rule otherwise, the discovery rule would postpone accrual in every case until the plaintiff consults an attorney.

*Allen v. State*, 118 Wash.2d 753, 758, 826 P.2d 200, 203 (1992).

■ While Kennedy–Walker may not have discovered that defendant's acts amounted to gross negligence until March 2000, the facts relevant to the identity of the alleged tortfeasor, his acts, and the harm they caused were known or knowable before Kennedy–Walker left defendant's employment in March 1998. The only component of the claim that Kennedy–Walker did not discover in the limitations period was that the known, or knowable, facts constituted a legal claim. Because the discovery rule applies only to facts and not to the discovery of a legal basis for the claim, Kennedy–Walker may not rely on it here.

Furthermore, while well-pleaded allegations of fact in a complaint are taken as true, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir.2000), Kennedy–Walker's allegation that "she acquired knowledge of defendant's failures and omissions in or around March 2000" does not prevent dismissal of the claim at this point in the case. Kennedy–Walker has pleaded other facts in her Amended Complaint indicating that there are no facts upon which she is able to sustain her discovery rule argument. She alleges the dates of her employment, that defendant engaged her as an independent contractor when he actually created an employment relationship with her, that defendant failed to withhold and pay income and employment taxes on her behalf, and that as a result of defendant's conduct she suffered lost wages and benefits and certain tax liabilities. Am. Compl. at ¶¶ 9, 27, 28, 32, and 39. Based on these allegations, Kennedy–Walker's conclusory allegation that she did not acquire knowledge of defendant's failures and omissions until March 2000, is insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 231 F.3d 520, 528 (9th Cir.2000) (a plaintiff can plead him or herself out of a claim by alleging facts which show he or she has no claim, even though the plaintiff is not required to allege those facts).

I recommend granting defendant's motion to dismiss Kennedy–Walker's gross negligence claim with prejudice. Because of my resolution of the statute of limitations issue, I decline to address defendant's alternative argument that Kennedy–Walker fails to state a claim. ◊

### III. Fraud Claims

All of the plaintiffs in the Travis case and Kennedy–Walker bring fraud claims against defendant. Defendant moves to dismiss these claims for failure to comply with Rule 9(b) or for failure to state a claim. Alternatively, defendant moves to dismiss Duncan's, Maddocks's, and Kennedy–Walker's fraud claims as barred by the statute of limitations.

#### A. Rule 9(b)—All Fraud Claims

In the October 6, 2000 Findings and Recommendation, I dismissed, without prejudice, the Travis plaintiffs' fraud claims for failure to comply with Rule 9(b). I noted that while plaintiffs had identified the parties to the alleged misrepresentation, they had not identified when it took place, whether it was delivered individually to each plaintiff or to plaintiffs as a group, or whether it was oral or written. Oct. 6, 2000 F & R at p. 5. Without such details, plaintiffs had not met the requirements of Rule 9(b). *Id.*

In the FAC, the Travis plaintiffs allege that

(1) defendant affirmatively represented to them that their employment status was that of an independent contractor and he established office procedures intended and designed to compensate employees as if they were independent contractors, knowing that plaintiffs were in fact employees, for the purpose of avoiding the payment of income

and employment taxes on behalf of plaintiffs and for the purpose of preventing plaintiffs' participation in pension and profit sharing plans, including a 401K plan and other employee benefits;

(2) on or about May 31, 1999, defendant orally represented to Travis that she was engaged as an independent contractor by advising her that she was responsible for withholding and paying of taxes relating to her compensation;

(3) on or about December 31, 1995, defendant orally represented to Duncan that she was engaged as an independent contractor;

(4) on or about August 12, 1997, defendant orally advised Maddocks that his legal secretary/assistant would instruct her on defendant's policies, practices, and procedures for compensating Maddocks and on or about August 12, 1997, defendant's legal secretary/assistant, under the control and direction of defendant, explained to Maddocks defendant's procedures, policies, and practices for compensating Maddocks;

(5) on or about September 1, 1999, defendant orally represented to Clark that she was engaged as an independent contractor by advising her that she was responsible for withholding and payment of taxes relating to her compensation; and that

(6) plaintiffs reasonably relied to their detriment and damage on defendant's representations concerning their employment status, methods of compensation, and responsibility for withholding and payment of taxes. FAC at ¶¶ 34–40.

Additionally, in her Amended Complaint, Kennedy–Walker alleges that:

(1) on or about July 15, 1997, defendant orally represented and directed his legal secretary/assistant to represent to Kennedy–Walker that she was engaged as an independent contractor, was not to receive employee benefits, and was responsible for withholding and paying taxes relating to her compensation;

(2) defendant's representations were false in that Kennedy–Walker was an employee of defendant, not an independent contractor;

(3) defendant affirmatively represented to her that her employment status was that of an independent contractor and he established office procedures intended and designed to compensate employees as if they were independent contractors, knowing that Kennedy–Walker was in fact an employee, for the purpose of avoiding the payment of income and employment taxes on her behalf and for the purpose of preventing her participation in pension and profit sharing plans, including a 401K plan and other employee benefits; and that

(4) Kennedy–Walker reasonably relied to her detriment and damage on defendant's representations concerning her employment status. Am. Compl. at ¶¶ 27–30.

Defendant argues that the fraud claims should be dismissed because although plaintiffs have added some allegations to the time and content of defendant's purported misrepresentations, the allegations remain so vague that they still fail to meet the Rule 9(b) pleading requirement. In particular, defendant notes that neither Maddocks nor Kennedy–Walker identify the legal assistant/secretary who communicated information to them and that Maddocks fails to specify what "policies, practices, or procedures" are at issue or how they form the basis for a claim of fraud. Additionally, defendant suggests that as to Kennedy–Walker's claim, it is unclear what representations were actually made by defendant as opposed to his legal secretary/assistant.

As plaintiffs note, the purpose of pleading fraud with particularity "is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defendant against the accusations." *Concha v. London,* 62 F.3d 1493, 1502 (9th Cir.1995). Plaintiffs state that they have now identified the fraud, the date, the parties to the fraud, how the false statements were represented to each plaintiff, and why defendant's representations were false. Thus, plaintiffs argue, the allegations comply with Rule 9(b).

Although plaintiffs could have provided some additional details such as the name of the secretary or legal assistant, or the

identification of the precise policies and procedures, I agree with plaintiffs that they have given sufficient information for defendant to be aware of the conduct alleged against him. Based on the present allegations, defendant may conduct meaningful discovery as to the details that are lacking as well as other matters. I recommend denying defendant's Rule 9(b) motion to dismiss.

### B. Failure to State a Claim

 As an alternative to the Rule 9(b) argument, defendant argues that the fraud claims of all plaintiffs must be dismissed because plaintiffs' allegations do not support a fraud claim as a matter of law. To establish a viable fraud claim under Oregon law,

> the plaintiff must plead and prove (1) a representation; (2) its falsity; (3) its materiality; (4) the defendant's knowledge of its falsity or ignorance of its truth; (5) the defendant's intent that the representation should be acted on by the plaintiff and in the manner reasonably contemplated; (6) the plaintiff's ignorance of its falsity; (7) the plaintiff's reliance on its truth; (8) the plaintiff's right to rely on the representation; (9) and the plaintiff's resulting injury.

*Smallwood v. Fisk,* 146 Or.App. 695, 699, 934 P.2d 557, 559 (1997). Defendant argues that the fundamental problem with plaintiffs' fraud allegations is that plaintiffs fail to allege any specific representation that was false when made. That is, for example, when defendant misrepresented to plaintiffs that their employment status was that of an independent contractor, this was in fact a true statement—defendant did in fact treat plaintiffs as independent contractors. Or, for instance, when defendant told plaintiffs they would be responsible for withholding and paying taxes related to their compensation, this was also a true statement—defendant was not making the withholdings and plaintiffs did need to pay their taxes themselves. Defendant argues that the "mere fact that he truthfully allegedly told the plaintiffs that he would be treating them as independent contractors is not fraud under any analysis." Deft's Memo. at p. 8.

Plaintiffs argue that their claims clearly state that defendant falsely represented to each plaintiff that her employment status was that of an independent contractor and then established office procedures intended and designed to compensate plaintiffs as if they were independent contractors, knowing that plaintiffs were in fact employees. Just because defendant did what he said he was going to do by treating them as independent contractors, does not mean that his representation as to their status was not false.

I conclude that plaintiffs' allegations are sufficient, although in my opinion, both parties have failed to precisely identify the proper issue. Generally, the question of whether a person is an independent contractor or an employee is a question of law if the facts are undisputed. *See Eisenberg v. Advance Relocation and Storage, Inc.,* 82 F.Supp.2d 241, 246 (S.D.N.Y.) ("The determination of whether a plaintiff is an employee or an independent contractor is a question of law, while the existence and degree of the factors to be considered in this determination are questions of fact."), *rev'd on other grounds,* 237 F.3d 111 (2d Cir.2000); *see also Barnhart v. New York Life Ins. Co.,* 141 F.3d 1310, 1313 (9th Cir.1998) (court upheld district court's grant of summary judgment regarding employee/independent contractor issue when facts not in dispute); *Lamy v. Jack Jarvis & Co.,* 281 Or. 307, 312–13, 574 P.2d 1107, 1111 (1978) (plaintiff's employee status is a question of law when facts are undisputed).

The focus of the argument should be whether a fraud claim can be sustained against defendant when the essence of the alleged representation is a legal conclusion. The allegations center on the representation that each plaintiff was an independent contractor. While there are some additional allegations regarding plaintiffs withholding and paying their own taxes, these stem from the primary representation by defendant that plaintiffs were independent contractors. A representation to someone that he or she is an independent contractor rather than an employee is a representation as to an issue of law, not of fact.

In Oregon, "[t]he law no longer precludes actions based on fraudulent representations as to the law." *Criqui v. Pearl Music Co.,* 41 Or.App. 511, 515, 599 P.2d 1177, 1179 (1979).

"Whether such a misrepresentation is actionable depends on the circumstances under which it is made and is a question for the trier of fact." *Id.* Thus, if defendant expresses an opinion as to the law, his statements are not actionable as fraud. *See, e.g., Loewen v. Galligan,* 130 Or.App. 222, 245 n. 29, 882 P.2d 104, 120 n. 29 (1994) (noting general rule in fraud cases in Oregon that statements of opinion are not actionable even though they are false). On the other hand, if he makes a representation as to the law which implicates facts, the representation may state a fraud claim. As explained in the Restatement:

> (1) If a misrepresentation as to a matter of law includes, expressly or by implication, a misrepresentation of fact, the recipient is justified in relying upon the misrepresentation of fact to the same extent as though it were any other misrepresentation of fact.
>
> (2) If a misrepresentation as to a matter of law is only one of opinion as to the legal consequences of facts, the recipient is justified in relying upon it to the same extent as though it were a representation of any other opinion.

Restatement (Second) of Torts § 545; *see also Sorensen v. Gardner,* 215 Or. 255, 260, 334 P.2d 471, 473 (1959) (quoting predecessor § 545 from Restatement of Torts).

In a somewhat similar case, the defendants, real estate brokers, made certain representations to the plaintiffs regarding an earnest money agreement the plaintiffs had with a client of the defendants. *Peterson v. Auvel,* 275 Or. 633, 552 P.2d 538 (1976). The representations included statements concerning the legal consequences of that agreement. The defendants moved to dismiss arguing that the statements were not representations of fact, but of a legal opinion.

The court recognized that earlier cases had held that a fraud action would not lie for expressions of opinion or misstatements of law as distinguished from those of fact. *Id.* at 637–38, 552 P.2d at 540. But, the court noted that the present tendency was to eliminate the distinction between law and fact and recognize that a statement as to the law may be intended and understood as one of fact or one of opinion according to the circumstances of the case. *Id.* The court noted that "[w]hen representations by the defendant may be fact or opinion, according to the circumstances, a pleading may not be held insufficient on the ground that the representations are not factual." *Id.* at 639, 552 P.2d at 541. The court concluded that the allegations regarding defendants' statements of opinion as to the legal consequences of the earnest money agreement were not subject to dismissal on a motion to dismiss. *Id.*

Here, the allegation is that defendant falsely, and knowingly, misrepresented the legal status of plaintiffs' employment classification. Such allegations sufficiently state a fraud claim because whether these were representations of fact or opinion must be determined under the circumstances. Accordingly, I recommend that defendant's motion to dismiss plaintiffs' fraud claims be denied.

### C. Statute of Limitations—Fraud Claim by Duncan, Maddocks, and Kennedy–Walker

■ Defendant alternatively argues that the fraud claims brought by Duncan, Maddocks, and Kennedy–Walker are barred by the statute of limitations. The argument is the same statute of limitations argument made in regard to Kennedy–Walker's gross negligence claim.

Duncan alleges that the misrepresentation to her occurred on December 31, 1995. FAC at ¶ 36. Maddocks alleges that the misrepresentation to her occurred on August 12, 1997. *Id.* at ¶ 37. Kennedy–Walker alleges that the misrepresentation to her occurred on July 15, 1997. Am. Compl. at ¶ 27. But, the original complaint by the Travis plaintiffs was not filed until March 17, 2000, more than two years after the alleged misrepresentations took place. As noted earlier, Kennedy–Walker's original complaint was filed October 12, 2000, also more than two years after the alleged misrepresentation was made to her. As such, the claims appear to have been filed beyond the statutory time period. O.R.S. 12.110(1).

Defendant argues that the FAC in the Travis case and Kennedy–Walker's Amended Complaint make clear that plaintiffs had more than sufficient contemporaneous knowledge at the commencement of their alleged employment to put them on notice of their claims. In her Amended Complaint, Kennedy–Walker affirmatively pleaded that she did not become aware of the alleged fraud until March 2000. Additionally, in the response memorandum, Maddocks and Duncan argue that they did not discover defendant's alleged fraudulent conduct until "well within the two-year statute of limitations." Pltfs' Resp. at p. 8. Thus, Kennedy–Walker, Maddocks, and Duncan all rely on the discovery rule to argue that their fraud claims are timely.

For the reasons explained in connection with the gross negligence claim, I reject plaintiffs' argument. First, because no discovery rule allegation appears in the FAC in the Travis case, there is no allegation upon which Maddocks and Duncan can base their argument. Second, even if there were such an allegation, as there is in Kennedy–Walker's Amended Complaint, it would not prevent dismissal.

Given the other facts pleaded in the Amended Complaint and the FAC, there were no facts related to the fraud claim that remained undiscoverable until within the limitations period. While plaintiffs may have not recognized that the facts they knew amounted to a legal claim, that lack of recognition does not fall within the scope of the discovery rule for the reasons previously explained in connection with Kennedy–Walker's gross negligence claim. Therefore, I recommend that Kennedy–Walker's, Duncan's, and Maddocks's fraud claims be dismissed with prejudice.

## IV. Kennedy–Walker's Wage Claims

Kennedy–Walker brings a claim under O.R.S. 653.055 for failure to pay overtime wages when due and a claim under O.R.S. 652.150 for failure to pay wages upon termination. Defendant moves against the overtime claim contending that it was filed after the three-year statute of limitations in O.R.S. 12.110(3). In her response, Kennedy–Walker withdraws the overtime claim, conceding that it is untimely.

As to the claim under O.R.S. 652.150, defendant argues that the allegations in support of that claim inadvertently refer to overtime and that the claim should be dismissed with leave to replead, omitting that reference. Kennedy–Walker concedes the error. Accordingly, I recommend that the overtime claim under O.R.S. 653.055, Kennedy–Walker's Third Claim for Relief, be dismissed with prejudice and that the wage claim under O.R.S. 652.110, Kennedy–Walker's Fourth Claim for Relief, be dismissed with leave to replead, omitting the reference to overtime.

## CONCLUSION

I recommend that defendant's motion to dismiss (# 57) be granted in part and denied in part as follows: (1) the motion should be granted with prejudice as to the Employer Liability Act claim, Kennedy–Walker's gross negligence claim, Kennedy–Walker's, Duncan's, and Maddocks's fraud claims, and Kennedy–Walker's overtime claim under O.R.S. 653.055; (2) the motion should be granted without prejudice as to the wage claim under O.R.S. 652.150; and (3) the motion should be denied as to Travis's and Clark's fraud claims.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 2, 2001. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due July 16, 2001, and the review of the Findings and Recommendation will go under advisement on that date.

Dated June 14, 2001.