Suzzanne M. TRAVIS; Candace Duncan; Kathrine Clark, Plaintiffs—Appellants,

Lisa Maddocks, Plaintiff—Appellant,

v.

Allan F. KNAPPENBERGER, Defendant—Appellee.

No. 02–36013.

D.C. No. CV–00–00393–JAR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Dec. 17, 2003.

---

Craig A. Crispin, Esq., Patty T. Rissberger, Esq., Crispin & Associates, Shelley D. Russell, Esq., Crispin Employment Lawyers, Portland, OR, for Plaintiffs–Appellants.

Paul C. Buchannan, Esq., Steol Rives LLP, Portland, OR, for Defendant–Appellee.

Before KLEINFELD, GOULD, and TALLMAN, Circuit Judges.

MEMORANDUM *

Plaintiffs Travis and Maddocks appeal several adverse rulings made by the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A dismissal for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6) is reviewed de novo. *See Libas Ltd. v. Carillo,* 329 F.3d 1128, 1130 (9th Cir.2003). Because Oregon courts do not recognize the allegations contained in plaintiffs' complaint as sufficient to establish an intentional infliction of emotional distress claim, the district court's dismissals of all but two of plaintiffs' specific allegations were correct. *See McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 849 (1995); *see also Robinson v. U.S. Bancorp,* No. CV–99–1723–ST, 2000 WL 435468 at *8 (D.Or. Mar. 17, 2000).

We review a district court's grant of summary judgment de novo. *See Delta Savings Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001). Because Travis failed to show that Knappenberger's reason for terminating her was pretext, summary judgment on her retaliatory discharge claim was appropriate. The district court properly granted summary judgment as to Maddocks' claim because her failure to seek reinstatement was a

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

voluntary decision to quit, not a termination.

■ The district court properly granted summary judgment on Travis' fraud claim because she failed to create a material issue as to any fact pertinent to her working relationship with Knappenberger of which she was unaware. Because she was aware of all the facts, defendant's statement regarding her classification was a legal opinion. *Cf. Sorensen v. Gardner,* 215 Or. 255, 334 P.2d 471, 474–75 (1959).

Summary judgment was appropriate as to Travis' negligence claim because no evidence exists in the record supporting Travis' claim that her alleged injuries were aggravated.

■ The district court properly declined to award penalty wages to plaintiffs under O.R.S. § 653.055. Because plaintiffs accepted Knappenberger's offer of judgment pursuant to the Federal Labor Standards Act § 216, recovery under O.R.S. § 653.055 would have been cumulative. *See Pascoe v. Mentor Graphics Corp.,* 199 F.Supp.2d 1034, 1063 (D.Or.2001).

■ Jury instructions challenged as a misstatement of law are reviewed de novo. *Kennedy v. S. Cal. Edison Co.,* 268 F.3d 763, 767 (9th Cir.2001). The district court did not err because the instruction that "mere hostility of an employer to an employee does not constitute an adverse employment action" is not a misstatement of law. *Ray v. Henderson,* 217 F.3d 1234, 1245 (9th Cir.2000).

■ A district court's decision to grant or deny the use of deposition testimony or to exclude witness testimony is reviewed for abuse of discretion. *U.S. v. Olafson,* 213 F.3d 435, 441 (9th Cir.2000). The district court did not abuse its discretion in determining that the video recording of Knappenberger's deposition was prejudicial under Fed.R.Evid. 403 because plaintiffs offered it to show an inconsistency in Knappenberger's demeanor. Because Donna Santella's deposition was irrelevant and William Graf's testimony was based on hearsay, the district court did not abuse its discretion by excluding their testimony. Finally, the district court did not abuse its discretion by excluding the testimony of John Thompson because the minimal probative value of his testimony was substantially outweighed by the possibility of prejudice since the classification issue was not before the jury. AFFIRMED.